## WILLIAM C. BUSCH v. TIMOTHY NESTER, SPENCER O. FISHER, AND GEORGE L. BURTIS.

*Replevin—Of logs cut under tax titles—From owner of original title—Can he litigate such title in replevin suit, plaintiff being in adverse possession of the land—Question considered but not decided—Title to land—May be litigated in certain personal actions—Among which are suits upon covenants of warranty or seizin—Which directly involve state of the title—Trespass—Judgment in not evidence of title—Nor bar to ejectment between same parties for land—Severance of part of freehold—Does not change title as between wrong-doer and owner—If severed portion remains on land—Recovery in ejectment will establish title to it, so as to make its subsequent removal unlawful—Tax certificate—Does not give right of entry on land prior to execution of tax deed—Adverse possession—A question for the jury.*

Plaintiff cut pine timber from *wild* lands in Baraga county, under tax deeds, and the logs, with others owned by defendant Nester, were rafted to Marquette. Nester, claiming the original title to most of the lands, took possession of the logs in *dispute*, and the same were replevied by plaintiff. On the trial plaintiff introduced testimony tending to show that he was in possession of the lands adversely to Nester, and the court instructed the jury that such possession was *adverse* and *bona fide*, and that Nester could not litigate the question of *his* title to the lands in said suit. it being a *personal* action, and directed a verdict for the plaintiff.

The Court, without passing upon *this* question, it not having been argued, left *it* open for future examination as affecting lands valued chiefly or only for timber, and, in reversing the judgment, *Held :*—

1. That the claim that no case can be tried out of the county, when the title to lands comes in question, cannot be supported when stated so broadly ; that many cases may arise in which the question of title may come up for decision, upon covenants or contracts, in suits not brought directly to try title or get possession ; among which are suits upon covenants of warranty or seizin, which directly involve the state of the title, and are mere personal actions.

2. A judgment in trespass to lands is not a bar to an action of ejectment for the same premises between the same parties. *Keyser v. Sutherland,* 59 Mich. 455.

3. It has not been considered that, as between the original wrong-doer and the true owner of land, the title to what is severed from the free-

hold is changed by the severance, whatever may be the case as to strangers. *Moores v. Wait,* 3 Wend. 104; *Morgan v. Varick,* 8 Id. 587.

4. Where a part of the freehold has been (wrongfully) severed, but remains on the land, a recovery in ejectment (of the land) will establish title to the severed portion, so as to make its subsequent removal wrongful.

5. There has never been any law in this State giving a right of entry on a mere tax certificate before deed.

6. In this case the question of the character and good faith of plaintiff's possession was for the jury.

Error to Marquette. (Grant, J.) Argued July 1, 1886. Decided July 8, 1886.

Replevin. Defendants bring error. Reversed. The facts are stated in the opinion.

*W. P. Healy* (*Ball & Hanscom,* of counsel), for appellants.

*F. O. Clark,* for plaintiff.

[This case has been again before the Court, and a full argument had, and in advance of the decision a fuller report is now deemed unadvisable.—REPORTER.]

CAMPBELL, C. J. In this case plaintiff, claiming to hold under certain tax sales, cut logs from several parcels of land on Huron river, in Baraga county, in the fall and winter of 1884–85, and in the summer of 1885 these logs were put in the Huron river, and brought down to Marquette in rafts which also contained logs belonging to defendant Nester, and by tugs employed for both. After reaching Marquette, Nester held on to all of the logs which this action was brought to replevy. A considerable number were afterwards turned over to plaintiff, leaving only such as were disputed. The parties are at variance as to whether Nester had acquiesced previously in plaintiff's claims.

The controversy on the trial chiefly turned on the right of Nester and his associates to show that Nester owned the original title to most of the lands from which the logs were

taken, and an undivided interest in one parcel. The court below ordered a verdict for plaintiff. The judge remarked, inadvertently, that, by arrangement, plaintiff was to have possession against defendant. Nester denies that any such agreement existed, and says it was understood he proposed to take possession of his own logs, and should assert his rights.

It was assumed on the argument, and was no doubt the fact, that the decision was based on plaintiff's possession of the land, the nature of which was not left to the jury, but decided by the court to have been adverse and *bona fide.* The court held that no personal action would lie to determine the title to lands as a basis of fixing the title of the logs.

We have been somewhat embarrassed by the fact that counsel on both sides assumed, for the purposes of the argument, that this doctrine was correct, if applicable to the facts of the case. But defendants' counsel claimed that it was not so applicable. We cannot safely pass upon a question not argued, but we do not wish to be precluded from a future examination of that doctrine as applied to lands valued chiefly or only for timber; and some of the points which were dealt with on both sides we may refer to with propriety.

The argument that no case can be tried out of the county, when the title to lands comes in question, cannot be supported when stated so broadly. There may be many cases where such a question comes up for decision, upon covenants or contracts, in suits not brought directly to try title or get possession. Suits upon covenants of warranty or seizin directly involve the state of the title, and are certainly mere personal actions. In some states a judgment in trespass, which is usually a local action, is held to be evidence of the title. That doctrine, however, has been rejected in this State. *Keyser v. Sutherland,* 59 Mich. 455.

It is difficult to see how a judgment in replevin can settle the title to land. If the doctrine contended for is true, it must rest on some other basis.

It has not been considered that, as between the original

wrong-doer and the true owner of land, the title to what is severed from the freehold is changed by the severance, whatever may be the case as to strangers: *Moores v. Wait*, 3 Wend. 104; *Farrant v. Thompson*, 5 Barn. & Alderson, 826; *Morgan v. Varick*, 8 Wend. 587. In the latter case reference is had to the old doctrine that when one who is disseized re-enters, he shall have remedy for all the waste done during his ouster; and it is no more than common sense to hold that title cannot, for all purposes, change by the mere action of a wrong-doer. In most of the cases referred to in the books the things severed have been removed. But if some part of the freehold is severed, and yet remains on the land, no one would deny that a recovery in ejectment would establish title to it, so as to make its subsequent removal wrongful.

In the present case it is not the ousted owner of a freehold who brings replevin against the possessor of the land. It is the disseizor who seeks to replevy. The one claiming to be owner of the logs because owning the land is actually in possession. There was evidence to go to the jury that he was in peaceable possession of the logs, although this was disputed. We are not prepared to hold, without further consideration, that, under such circumstances, the true title may not be shown, and that the true owner may not keep his own property when he gets it. If there is any reason to the contrary, the rule must be a very technical one, which will, in many cases, do great injustice, and turn a party over to a personal remedy, which may be valueless. The present case does not require the absolute decision of this question, and it will be open to future argument; but we cannot consent to be bound by any concessions of counsel on so important a question.

We think the State deeds are *prima facie* evidence of title. But there has never been any law in this State, that we are aware of, that gave a right of entry on a mere tax certificate before deed. The testimony clearly shows that a large share of these lands were cut over before the deeds issued. Up to that time the possession was presumptively

in the real owner, and the tax deeds would not relate back to protect the acts of the plaintiff unless valid, if they would at all. For anything done before those deeds were made, we think the inquiry was open to ascertain whether the original title had or had not been divested by valid tax sales. The entry could not be treated as under color of title. And we are not able to see how a possession begun in wrong could at once be changed into a valid adverse possession by the subsequent acquisition of the deeds, when, as appears in this case, all the timber was cut under contracts made previously. The logs appear to have been cut on the most important of these lands, under a contract made in the previous fall with Mr. Belanger. It also appears, from plaintiff's own testimony, that he was looking out to obtain the original title to the principal parcel in dispute, and did not intend to cut until he got it. This has an important bearing on a claim of adverse possession.

The case of *Safford v. Basto*, 4 Mich. 407, under circumstances very like the present, held as law that the person cutting timber under a void tax title was a trespasser. Without going so far, we have no doubt that the question was open for the jury as to the character and good faith of plaintiff's assumption of possession. If it was not under tax deeds, or some other deeds, as well as in good faith, there would be nothing to help it, and the whole merits would be open to inquiry.

As the circuit judge did not apparently pass upon the other questions raised, we will not discuss them.

The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.