73   370
89   194

———————◆———————

WILLIAM C. BUSCH ET AL. v. SPENCER O. FISHER ET AL.

[See 64 Mich. 180; 70 Id. 525.]

*Replevin—Bond—Waiver of conditions—New obligation.*

Where pending contempt proceedings for the violation of an injunction restraining the plaintiffs in a *cross* replevin suit, in which the defendants had recovered judgment for the return of the property, without a trial upon the merits, from removing the property beyond the jurisdiction of the court, the plaintiffs executed a bond to one of the defendants (who was the sole plaintiff in the first replevin suit), conditioned for the payment of the *value* of the property on affirmance of said judgment in the Supreme Court, which bond was by the agreement of the parties to take the place of the property, and to be considered the same as if it were said property, the legal. effect of said instrument was to consent to the retention of the property by the obligors, and to waive the condition in the replevin bond for its return, and to bar a recovery for a breach of said last-named condition.

Error to Marquette. (Grant, J.)   Argued October 31, 1888.   Decided January 18, 1889.

Debt on replevin bond.   Defendants bring error. Reversed.   The facts are stated in the opinion.

*Ball & Hanscom,* for appellants, contended:

1. In support of the right of the defendants to show that the plaintiffs had no interest, or at most but a part interest, in the property at the time the replevin suit was commenced, and that they had no right of possession, except on account of their having replevied it and given bond, and, further, that the defendants, or some of them, had, at the time of the commencement of the replevin suit; "a part ownership or other valuable interest in said property," counsel cited *Warner v. Mathews,* 18 Ill. 83; *Bartlett v. Kidder,* 80 Mass. 449; *Leonard v. Whitney,* 109 Id. 265; 2 Suth. Dam. 52, 53 (*n.* 1); *Wallace v. Clark,* 7 Blackf. 298; *Stockwell v. Byrne,* 22 Ind. 6; *Hawley v. Warner,* 12 Iowa, 42; *Mason v. Sumner,* 22 Md. 312; *Tuck v. Moses,* 58 Me. 461; How. Stat. § 8354; *Henry v. Quackenbush,* 48 Mich. 415; *Lindner v. Brock,* 40 Id. 618.

*F. O. Clark,* for plaintiffs, contended:

1. When a party has complied with the law in making his affidavit in replevin, and given the required bond, he is entitled to the possession and control of the property seized until a final determination of the rights of the parties in *that* suit, and no cross-action can be brought by the defendants, or any of them associated with any other parties, to recover the property back; citing *Fisher v. Busch,* 64 Mich. 180; *Ford v. Bushor,* 48 Id. 535; *Belden v. Laing,* 8 Id. 503; *Giddey v. Altman,* 27 Id. 206; *Hunt v. Strew,* 33 Id. 85.

2. How. Stat. §§ 8342, 8354, have no application to a case where the plaintiff claims absolute title to the entire property, and replevies it upon an affidavit setting forth such fact, and gives his bond to return the entire property, or respond for it in damages upon the bond, and this Court virtually so held in *Ford v. Bushor,* 48 Mich. 535; and the Court has interpreted section 8354 in *Ryan v. Akeley,* 42 Mich. 516; *Henry v. Quackenbush,* 48 Id. 415.

3. In an action on the bond, the defendant may give any evidence tending to show that the defendant in replevin or his assigns have not been damnified by the proceedings in replevin, or any evidence tending to mitigate or lessen the damages, which would be measured by the value of the property itself; citing *Lindner v. Brock,* 40 Mich. 620; and this case sets forth the rule exactly as we claim it, which is the distinction with regard to the statute under which defendants claim.

4. No evidence can be given in an action on a replevin bond tending to dispute the title of the defendant in replevin to the property replevied; citing Wells, Repl. §§ 447–450; *Dorr v. Clark;*

7 Mich. 310; *Williams v. Vail*, 9 Id. 162; *King v. Ramsay*, 13 Ill. 622; *Gould v. Warner*, 3 Wend. 61; *Buckmaster v. Beames*, 4 Gil. (Ill.) 443.

CHAMPLIN, J.     This is an action of debt upon a replevin bond.   The plea was the general issue, with a notice of special matter of defense, as follows :

"Take notice that under the general issue the defendants will prove that before the action of replevin mentioned in the plaintiffs' declaration was commenced, another action of replevin had been commenced by the said William C. Busch, as plaintiff, against the said Nester and Fisher and George L. Burtis, defendants, for the recovery of the same property ; that in said suit said property was taken and delivered to said plaintiff by the sheriff of said county.

"That the action of replevin mentioned in plaintiffs' declaration was then commenced by the said Spencer O. Fisher, Albert A. Crane, and Frederick Cole in the same right as that by which the defendants claimed in the replevin ·suit commenced by said Busch, and to recover the same property.

"That both of said actions of replevin were tried in said circuit court, and in the suit first commenced judgment was rendered for said plaintiff on the ground that it was not competent for the defendants to impeach a tax title on the lands from which said property was taken ; that said judgment was afterwards removed by writ of error to the Supreme Court of this State, and the said Supreme Court reversed the judgment therein, and ordered a new trial of said cause.

"That in said second replevin suit judgment was·entered for the defendants, on the ground that the same was a cross-replevin, and not upon the merits, and that the judgment therein was removed by writ of error to the Supreme Court of this State.

"That pending said second replevin suit a bill was filed in said circuit court, in chancery, wherein the said William C. Busch was complainant, and Spencer O. Fisher, Albert A. Crane, Frederick Cole, and George L. Burtis.were defendants, and the plaintiffs in said second action of replevin were enjoined from removing said property; that thereupon, and to permit them to remove the same, an agreement was entered into by all the parties

in interest, of which a copy is hereto attached. And the defendants will claim that under said agreement said bond in this cause has become null and void.

"The defendants will further show that the property in controversy in both of the replevin suits was the same; and that the same was the property of the said Timothy Nester, and those claiming under him; and that the plaintiffs in this suit had no right thereto.

"M. L. Dunham,
"Defendants' Attorney."

The following is a copy of the agreement above referred to:

"*Know all men by these presents,* that we, Spencer O. Fisher, Albert A. Crane, and Frederick Cole, as principals, and Henry C. Thurber and Timothy Nester, as sureties, are held and firmly bound unto William C. Busch in the sum of twenty-five thousand dollars ($25,000), to be paid to the said William C. Busch, or his certain attorney, executors, administrators, or assigns, for which payment well and truly to be made we bind ourselves and our heirs, executors, and administrators, jointly and severally, by these presents.

"Sealed with our seals this 27th day of May, in the year of our Lord 1886.

"The condition of this obligation is such that whereas, an action of replevin was brought in the circuit court for the county of Marquette, Michigan, wherein William C. Busch was plaintiff, and Timothy Nester, Spencer O. Fisher, and George L. Burtis were defendants; and whereas, in said action of replevin, judgment was obtained by said plaintiff against said defendants Nester and Fisher; and whereas, said cause was removed to the Supreme Court of the State by writ of error, and is now pending there for review.

"And whereas, during the pendency of said first action of replevin, a second action of replevin was brought by Spencer O. Fisher, Albert A. Crane, and Frederick Cole, against the said William C. Busch, Arthur Hill, Eben N. Briggs, and Edward R. McCarty, in the circuit court for the county of Marquette.

"And whereas, said second action of replevin was tried in the said circuit court on a plea in abatement, filed by the said defendants in the second action of replevin, and

a judgment rendered in favor of the defendants in said action, quashing said second writ of replevin, and directing a return of the property to said defendants, which last-mentioned writ of replevin has also been removed to the said Supreme Court by writ of error.

"And whereas, the property replevied in each of the two actions of replevin mentioned is the same, and consists of 1,200,000 feet of pine saw-logs, and the lumber cut therefrom as described in the writs of replevin in said actions.

"And whereas, the plaintiffs in the said last writ of replevin desire to remove the lumber cut from said logs from the jurisdiction of the said court, which they have been restrained from doing by the injunction of the said circuit court in chancery.

"And whereas, it is agreed between said parties litigant in said action of replevin that a bond may be given by said plaintiffs in said last action of replevin to the said William C. Busch, one of the defendants in said last action of replevin, to take the place of the lumber, and to be considered the same as though it were the property replevied by the respective parties.

"The conditions of this obligation are such that if the Supreme Court shall affirm the decision of the said circuit court, in the said action of replevin, then said Spencer O. Fisher, Albert A. Crane, and Frederick Cole shall forthwith, on said decision of said Supreme Court, pay to said William C. Busch, his heirs or assigns, the value of said property, less any equitable defense which the said Fisher, Crane, and Cole, or their vendor, may have.

"Or, if the said Supreme Court shall affirm the decision of said circuit court in both said actions of replevin, said Spencer O. Fisher, Albert A. Crane, and Frederick Cole shall forthwith, after such confirmation, pay to said Busch, his heirs or assigns, the value of said lumber, then this obligation to be void; otherwise to remain in full force and virtue.

> "SPENCER O. FISHER.       [Seal.]
> "ALBERT A. CRANE.        [Seal.]
> "FREDERICK COLE.        [Seal.]
> "By Timothy Nester, their agent.
> "TIMOTHY NESTER.        [Seal.]
> "HENRY C. THURBER.     [Seal.]

" We, as sureties, hereby waive any question as to the right of Timothy Nester to sign above bond for Spencer O. Fisher, Albert Crane, and Frederick Cole

·" TIMOTHY NESTER.

" HENRY C. THURBER."

Upon the trial of the cause before the circuit court and jury it appeared that the bond in suit was given by the defendants to the sheriff of Marquette in a certain suit in replevin brought by Spencer O. Fisher, Albert A. Crane, and Frederick Cole, to obtain possession of a large quantity of saw-logs from William C. Busch, Arthur Hill, and Eben N. Briggs. The defendants interposed a plea in abatement, setting up a former replevin suit for the same property, brought by William C. Busch, one of the defendants, against said Spencer O. Fisher and Timothy Nester and George L. Burtis, in which the plaintiffs had executed to the sheriff the requisite bond, and had received possession of the property, and in substance alleging that the second suit was a cross-replevin. The plaintiffs replied to the plea, and upon a trial of the issue the court found that such second suit was a cross-replevin, and quashed the writ, and gave judgment in favor of the defendants therein for a return of the property. Thereupon the plaintiffs removed the case to the Supreme Court, where the judgment of the circuit court was affirmed, January 13, 1887 (64 Mich. 180).

In the mean time the plaintiffs in the cross-replevin suit commenced to remove the property out of the jurisdiction of the court. Mr. Busch, the plaintiff in the first replevin suit, filed his bill of complaint in the Marquette circuit court, sitting in chancery, and obtained an injunction against such removal. The injunction was not obeyed, and the persons violating it were proceeded against for contempt. This culminated in an arrangement by which the bond set up in defendants' plea was

executed and delivered to William C. Busch, the plaintiff in the first replevin suit, and one of the defendants in the cross-replevin, and thereupon the contempt proceedings were dropped, and the parties were permitted to remove the lumber out of the jurisdiction of the court. Neither of the bonds in the replevin suits were surrendered up or canceled, and no mention was made of them in the arrangement of May 27, 1886.

Before the suit upon the replevin bond now under consideration was tried, the first replevin suit was tried, and a judgment obtained by the plaintiff therein, and it had been removed to this Court on writ of error, and reversed. 70 Mich. 525 (38 N. W. Rep. 458). It had also been remanded to the circuit court, and was still pending and undecided.

We shall not discuss the many interesting questions raised and argued by counsel relative to the right of defendants to litigate the title of the property in this suit, for the reason that there is a fatal objection to a recovery in this case.

The court erred in holding that the bond given while the contempt proceedings were in progress was merely cumulative, and did not affect the right of the plaintiffs to sue and recover on the bond in suit.

The bond in the cross-replevin suit, given to and accepted by the sheriff, like any other bond in replevin cases, stood in the place of the property, and was the defendants' security for a return of the property, or payment of its value. While it is true that the plaintiffs in that suit could not, by their own act merely, do anything to deprive the defendants of the right to enforce that bond, yet it was competent for the parties to that suit, by mutual agreement, to stipulate that another bond should be given which should stand in lieu of the prop-

erty replevied, and for such further engagements as the parties should see fit to agree upon.

As above stated, the bond now under consideration originated out of certain contempt proceedings instituted for violating an injunction, and, that the points relied on by the respective parties may be better understood, a brief history of the chancery suit which led up to these proceedings will be stated. The bill of complaint filed by Busch set up the claims of the respective parties to the logs in controversy, the pendency of the two replevin suits, and that the—

"Defendants in said bill were then engaged in sawing said logs into lumber in the city of Marquette, and were proposing to remove the same out of the jurisdiction of the court, and dispose of the same, and praying for an injunction to restrain said defendants from interfering with, disposing of, or selling any of said logs, or of the lumber manufactured therefrom. An injunction was, on October 13, 1885, issued out of said court, in accordance with the order of said circuit judge, indorsed upon said bill, restraining said defendants from interfering with said logs, and the lumber manufactured from the same, and from selling, disposing of, or removing the same, or in any manner interfering therewith, except to preserve and protect the same until the further order of the court.

"April 23, 1886, in accordance with the leave of the court obtained, a supplemental bill was filed in said court by said William C. Busch as complainant, against the same defendants, reciting the former proceedings had, both in said two replevin suits and in said suit in chancery, and further setting forth that said first replevin suit had been tried in said circuit court for the county of Marquette, resulting in a judgment in favor of said William C. Busch, plaintiff, for all the logs involved therein, and that said judgment had been removed to the Supreme Court by writ of error, which was then still pending; also that said second replevin suit had been also tried upon the issue formed by the plea in abatement and replication as aforesaid, and judgment had been rendered therein against the plaintiffs in said second replevin suit, and in favor of the defendants, and that said judgment

had been removed by writ of error to the Supreme Court, which writ of error was then still pending; also setting forth that the defendants therein still continued to hold said property, and claimed the right to remove the same, and that said complainant believed and charged that they would proceed to do so unless restrained by the injunction of said court, and praying for a continuance of the injunction theretofore issued until the final determination of said suits. Thereupon, upon April 24, 1886, said circuit judge made an order to the effect that said defendants continue to be restrained as directed in the former injunction in said suit until the final determination of said actions of replevin mentioned in said supplemental bill, and until the further order of the court.

"It further appeared by said record that on May 19, 1886, said complainant William C. Busch made complaint to said circuit judge, setting forth that supplemental injunctions were issued in accordance with said order, and served upon the attorneys of said several parties; that said defendants Fisher, Crane, and Cole had sold their right and interest in said lumber to parties residing out of the State of Michigan, who had sued out a writ of replevin in the circuit court of the United States, and were proposing to take said lumber out of the jurisdiction of the court; and praying for an attachment for contempt against the said Spencer O. Fisher, Albert A. Crane, Frederick Cole, Alfred Mosher, Timothy Nester, Charles F. Orton, Matthew H. Maynard, William F. Mann, John Kinney, Lyman Cook, John W. Stone, Charles Orton Jr., Terrence Moore (who, it is charged, was acting as deputy United States marshal in the service of a writ of replevin out of the United States court), J. B. Reynolds, Angus Raman, Frank Miller, and William Reynolds, all of whom, it is alleged, were in some way connected with the proposed replevin and taking of said lumber.

"It further appeared from said record that upon said application said circuit judge issued an order *ex parte*, on May 20, 1886, for the issue of an attachment for the arrest of the said Charles F. Orton, William F. Mann, John Kinney, Lyman Cook, John W. Stone, Charles W. Orton, Terrence Moore, J. B. Reynolds, Angus Raman, and Frank Miller, as for contempt, returnable at the court-house in the city of Marquette, on Tuesday, May 25, 1886, and that said parties be held to bail in the

sum of $10,000 each, with good and sufficient sureties for their appearance at that time.

" It further appeared by said records that upon May 20, 1886, a writ of attachment issued out of said court, for the arrest of said William F. Mann, John Kinney, Lyman Cook, Charles W. Orton, Terrence Moore, J. B. Reynolds, and Frank Miller, and that said parties were on the same day arrested by the sheriff of Marquette county, and gave bail for their appearance, in accordance with the said order.

"It further appeared from said record that said parties so arrested appeared before the court at the time specified, and objected to the jurisdiction of the court, and moved to vacate the order for attachment, upon reason set forth in their said motion, but that no further order was made by the court, either upon said attachment proceedings or upon said application to vacate."

There was no suggestion in the bill of complaint, or in the testimony in this suit, that the bond given in the cross-replevin suit, and now sued on, was not sufficient in amount, nor the obligators responsible.

Those proceedings resulted in the execution and delivery of the bond dated May 27, 1886, and further proceedings in the chancery suit ceased. Considerable testimony was admitted upon the trial to show at whose suggestion and for what purpose the bond was given, but it is immaterial who suggested it, and the purpose must be gathered from the face of the instrument. That purpose is stated in the following language:

"And whereas, it is agreed between said parties litigant in said action of replevin [referring to the second action] that a bond may be given by said plaintiffs in said last action of replevin to the said William C. Busch, one of the defendants in said last action of replevin, to take the place of the lumber, and to be considered the same as though it were the property replevied by the respective parties."

This bond so made to take the place of the lumber, and to be considered the same as the property, was

delivered to Mr. Busch. It was in the contemplation of the parties that the lumber cut from the logs replevied should be removed from the jurisdiction of the court, and would not and could not be returned in kind, and it was for that reason that the bond was given, and its purpose stated that it should take the place of the lumber, and be considered the same as though it were the property replevied. The conditions of the bond are consistent with the purpose stated, and the instrument is inconsistent with the position that this bond was cumulative to the bond in suit, and it is also inconsistent with the right of the plaintiffs in this suit to bring an action upon the replevin bond in the second suit. The legal effect of the instrument is to consent to the retention of the property replevied by defendants, and a waiver of the condition of the replevin bond given by them for a return, if return of the property should be adjudged; for in lieu of that condition, they obligated themselves to pay the value of the property, less any equitable defense provided for in said bond. Having accepted this bond in lieu of a return of the property replevied, the plaintiffs are estopped from asserting a liability upon the bond given for a return of the property. Nothing is claimed by either party on account of the non-identity of the parties to the record in the two replevin suits. That question was disposed of in the case of *Fisher v. Busch,* 64 Mich. 180 (31 N. W. Rep. 39).

The judgment must be reversed, and, as there can be no recovery in this action, a new trial will not be granted.

The other Justices concurred.