WILLIAM C. BUSCH v. SPENCER O. FISHER, ALBERT A.
CRANE, FREDERICK COLE, HENRY C. THURBER, .
AND TIMOTHY NESTER.

[See 62 Mich. 381; 64 Id. 180; 70 Id. 525; 73 Id. 370.]

*Replevin—Bond—Estoppel—Evidence—Error without prejudice—
Confusion of goods—Damages—Trespasser—
Practice in Supreme Court.*

1. Where in a suit upon a bond executed by the principals and

sureties in a prior bond, in the place of which the second bond was given, and to which the principals' names were signed by one of the sureties as their agent, the principals deny the authority of the surety so to execute it, it is competent for the plaintiff to show that, upon the trial of a suit brought on the first bond, the principals defended upon the theory that the second bond was given in satisfaction of the first one; and to that end the records and proceedings in the suit on the first bond are admissible in evidence.

2. In a suit to recover the value of certain saw-logs, a portion of which had been manufactured into lumber, evidence was received of the value of the lumber and also of the logs, as to which latter value there was no serious dispute, and the jury were instructed that they could only allow the plaintiff the value of the logs. And it is held that the jury were not prejudiced by the admission of the testimony as to the value of the lumber.

3. Where two parties claim the sole ownership of a quantity of saw-logs bearing the same mark, and one of them seizes the entire lot and refuses to deliver any portion to the other party, who is found by the jury to be the owner of a portion of the same, the party making such seizure will not be allowed storage on the logs not owned by him, it appearing that the mingling of the logs by the other party was not done wantonly or maliciously.

4. The assignments of error of an appellant who presents no brief will not be considered.

5. A trespasser, however innocent, acquires no property in logs cut on the lands of another, nor lien thereon for the value of the labor and expense of cutting, nor can he recover such value in an action of trover or *assumpsit* from the owner of the timber, who has a right to reclaim the logs; citing *Gates v. Boom Co.*, 70 Mich. 309.

Error to Marquette. (Stone, J.) Argued November 18 and 19, 1891. Decided December 21, 1891.

Debt. Plaintiff, defendants Fisher, Crane, and Cole, and defendant Nester bring error. Judgment for plaintiff affirmed. The facts are stated in the opinion, and in the opinions in the cases therein referred to.

*Ball & Hanscom,* for defendant Nester.

89 MICH.—13.

*F. O. Clark*, for plaintiff.

*Egbert J. Mapes*, for defendants Fisher, Crane, and Cole, filed no brief.

MORSE, J. In this cause, which is brought here upon writs of error, three parties appeal from the decision and judgment of the court below.

The controversy between the plaintiff and defendants has been, in different shapes, in this Court a number of times, in which the history of the causes of the litigation has been given to some extent. See *Busch v. Nester*, 62 Mich. 381; *Fisher v. Busch*, 64 Id. 180; *Busch v. Nester*, 70 Id. 525; *Busch v. Fisher*, 73 Id. 370. A brief statement of the facts as to the origin of this suit is, however, considered necessary to give a clear understanding of the issues involved in it.

September 16, 1885, the plaintiff, Busch, commenced an action of replevin in the circuit court for the county of Marquette against the defendants Nester and Fisher and one George L. Burtis for certain logs. Busch, claiming to hold under certain tax sales, cut logs from several parcels of land on Huron river, in Baraga county, in the fall and winter of 1884 and 1885. These logs were brought down to Marquette in rafts, which also contained logs belonging to Nester. At Marquette, Nester held on to all the logs which this action was brought to replevy, claiming that the same were cut on his lands. After Busch had obtained possession of these logs by his writ, the defendants Fisher, Crane, and Cole sued out a writ of replevin for the same logs against Busch, Arthur Hill, Eben N. Briggs, and Edward R. McCarty. Judgment was given against Fisher in this case in the court below on the ground that it was a cross-replevin, and could not be maintained. The judg-

ment was affirmed in this Court, January 13, 1887. *Fisher v. Busch,* 64 Mich. 180. In the mean time Busch had prevailed in his replevin suit in the court below. This judgment was reversed by this Court, and a new trial granted, July 8, 1886. *Busch v. Nester,* 62 Mich. 381.

While these two replevin cases were pending in the Marquette circuit court, and after judgment in both cases in that court, but before either had been decided by this Court, and on the 27th day of May, 1886, a bond was given by Timothy Nester, claiming to act as the agent of Fisher, Crane, and Cole, which was signed by Nester and Henry C. Thurber as sureties. The bond ran to Busch in the sum of $25,000, and the condition of the obligation is as follows:

" *Whereas,* an action of replevin was brought in the circuit court for the county of Marquette, Michigan, wherein William C. Busch was plaintiff, and Timothy Nester, Spencer O. Fisher, and George L. Burtis were defendants; and—

" *Whereas,* in said action of replevin judgment was obtained by said plaintiff against said defendants Nester and Fisher; and

" *Whereas,* said cause was removed to the Supreme Court of the State by writ of error, and is now pending there for review; and—

" *Whereas,* during the pendency of said first action of replevin, a second action of replevin was brought by Spencer O. Fisher, Albert A. Crane, and Frederick Cole against the said William C. Busch, Arthur Hill, Eben N. Briggs, and Edward R. McCarty, in the said circuit court for the county of Marquette; and—

" *Whereas,* said second action of replevin was tried in the said circuit court on a plea in abatement, filed by the said defendants in the said second action of replevin, and a judgment rendered in favor of the defendants in said action, quashing said second writ of replevin, and directing a return of the property to said defendants, which last-mentioned action of replevin has also been

removed to the said Supreme Court by writ of error; and—

" *Whereas*, the property replevied in each of the two actions of replevin mentioned is the same, and consists of 1,200,000 feet of pine saw-logs and the lumber cut therefrom, and described in the writs of replevin of said actions; and—

"*Whereas*, the plaintiffs in said last action of replevin desire to remove the lumber cut from said logs from the jurisdiction of the said court, which they have been restrained from doing by the injunction of the said circuit court in chancery; and—

"*Whereas*, it is agreed between said parties litigant in said action of replevin that a bond may be given by the said plaintiffs in said last action of replevin to the said William C. Busch, one of the defendants in the said last action of replevin, to take the place of the lumber, and to be considered the same as though it were the property replevied by the respective parties:

" The conditions of this obligation are such that, if the Supreme Court shall affirm the decision of the said circuit court in the said second action of replevin, then said Spencer O. Fisher, Albert A. Crane, and Frederick Cole shall forthwith, on said decision of said Supreme Court, pay to said William C. Busch, his heirs or assigns, the value of said property, less any equitable defense which the said Fisher, Crane, and Cole, or their vendor, may have; or, if the said Supreme Court shall affirm the decision of said circuit court in both said actions of replevin, said Spencer O. Fisher, Albert A. Crane, and Frederick Cole, shall forthwith, after such confirmation, pay to said Busch, his heirs or assigns, the value of said lumber,—then this obligation to be void; otherwise to remain in full force and virtue."

Upon this bond the present suit is brought.

The first replevin suit, after being remanded by this Court, was tried again in the court below, and Busch again had judgment. It was again reversed by this Court, June 8, 1888. *Busch v. Nester*, 70 Mich. 525. No further trial has been had, except that the case was before the circuit court for trial in August, 1889, and,

after a partial trial, the court suspended further action until suit should be brought and judgment rendered on the bond above given and sued upon in this case.

After the affirmance of the judgment in this Court in the second or cross-replevin suit, Busch and the other defendants in that case brought suit on the replevin bond given by Fisher, Crane, and Cole in said cross-replevin suit. This suit was defended by Fisher, Crane, and Cole on the ground that the new bond—the one sued upon in the case now here—took the place of the first bond given by them, and satisfied it. The court below gave Busch judgment for the sum of $19,176. On error to this Court, we held that the contention of Fisher, Crane, and Cole was good, and reversed the judgment. No new trial was granted. *Busch v. Fisher*, 73 Mich. 370.

In the case now before us, Thurber pleads the general issue. Nester pleads the general issue, with notice that the logs were his property; that 1,200,000 feet of pine saw-logs were taken by Busch during the winter of 1884 and 1885, and by him unlawfully mingled with other logs belonging to said Busch, so that they could not be identified, and that the logs mentioned in said bond were logs that were taken by Nester from the mass so mingled, of the same average quality as those so taken from Nester by said Busch, and that Nester lawfully so took them; that at the time of the issue of both writs of replevin the logs were the property of Fisher, Crane, and Cole; that the lumber mentioned in said bond was the property of Fisher, Crane, and Cole, and they had a right to remove it; that, if any of said logs or lumber appear to belong to Busch, Nester has a claim against them for towage at $2 per thousand, and for sawing, piling, storage, and inspection at $5 per thousand, which is an equitable defense contemplated by said bond.

Fisher, Crane, and Cole deny the execution of the bond.

In the court below Busch received judgment for $6,753.29.

1. The first error assigned by the defendant Nester is the admission of the verdict and judgment in the suit upon the bond given by Fisher, Crane, and Cole in the cross-replevin suit. It is contended justly that the judgment on that bond should be practically the same as on this; and it is further contended that the fact that the jury in that case gave Busch a judgment of $19,176 must have had a tendency to increase the verdict in this case. This is not apparent, considering the amount of the verdict. It was competent for the plaintiff to meet the claim of defendants Fisher, Crane, and Cole, that they never authorized the execution of the bond in suit by Nester in their names, to show that, upon the trial of the suit upon the bond given in the cross-replevin, they made the defense that the present bond was given in satisfaction of it, and that they prevailed upon that issue. To this end all the records and proceedings in that case were properly admitted, and we can see no prejudice resulting to Nester therefrom.

2. It appears from the record that at the time this bond was given some of the logs had been manufactured into lumber by the defendants or some of them, and therefore both logs and lumber are mentioned in the bond. Witnesses in the early part of the trial were permitted, against objection, to testify to the value of the lumber, as cut, as it was piled on the dock at the Burtis mill. The logs were shown to be worth $15 per thousand feet, and the lumber from $18 to $20. The admission of this testimony as to the value of the lumber is assigned as error, as tending to influence the jury in arriving at their estimate of the value of the logs. There does not seem to have been any serious dispute as to the value of the logs, and as the circuit judge correctly instructed the

jury that they should not consider the value of the lumber, and could only give to Mr. Busch the value of the logs, found to be his, in the boom at Marquette, we are satisfied that the jury were not prejudiced by the admission of this testimony.

3. It is contended that the defendant Nester was entitled to be allowed the cost of storing the logs and taking care of them while in his possession at Marquette. The court instructed the jury that he could be allowed his ratable portion of the expense in towing the logs found to belong to Busch from the mouth of the Huron river to the boom at Marquette, but as Nester appropriated the whole of the logs, and stored them in his boom, he could not recover for such care and storage. It seems that Busch claimed the whole of these logs, and Nester also claimed the whole of them. The jury found that both were wrong; that part of the logs belonged to each. In such case, Nester could not be allowed to charge storage for logs that belonged to Busch, and which he would not deliver up on demand. But the counsel for Nester contend that Busch is entirely to blame for these logs being mixed together so that they could not be identified; that the only way that remained for Nester was to take charge of the whole of the logs, and have the separation made. It is claimed that he did this, and delivered to Busch all but 1,195,000 feet, the amount in controversy; and that after this was done, and after they had broken away and been gathered up by Nester, Busch replevied the whole of them; that this expense of storage, etc., was an "equitable defense," under the bond, and should have been allowed to Nester. It appears that the logs cut by Busch from the lands, the title of which was in dispute, but which since have been adjudicated to belong to Nester, were marked the same as the logs cut from lands that belonged to Busch. Therefore Nester, in

selecting the logs that belonged to him, had the right to and did select his logs from the whole mass, taking logs of like kind and quality of timber with the logs cut from his land. But this mingling of the logs would not authorize Nester, as it was not done wantonly or maliciously, to take any more logs than belonged to him, or to keep the possession of them away from Busch beyond a reasonable time, in which Nester could make his selection and separation. He made such selection and separation, and refused to give Busch any more logs. He could not charge Busch with storage and expense thereafter. The court committed no error in his charge in this respect.

The counsel for the appellants Fisher, Crane, and Cole presents no brief, and, under the rule, their assignments of error will not be considered.

The plaintiff also alleges error. The errors assigned in his behalf are submitted by the counsel in two general propositions, to wit: That the court erred—

1. In not permitting the question of the good faith of Busch in cutting the timber upon the Nester lands to go to the jury.

2. In directing the jury that the value of the logs, and not of the lumber, was the value to be placed on the property for the purpose of this suit.

It is contended under the first proposition that the timber on the Nester lands was cut in good faith by Busch under tax titles from the State; that he had expended large sums of money in cutting such timber under an honest idea that it belonged to him; and that, under the "equitable defense" permitted Nester by the terms of the bond, he was not entitled to take the full value of the logs, but that his equities would simply be the value of the logs, less the money that Busch had honestly expended upon them. This contention is settled against the plaintiff by the case of *Gates v. Boom Co.,*

70 Mich. 309, 315. It is there held that a trespasser, however innocent, acquires no property in logs cut on the land of another, nor lien thereon for the value of the labor and expense of cutting, nor can he recover such value in an action of trover or *assumpsit;* and that the owner of the timber so cut has the right to reclaim the logs, if he can, and, if he does, the trespasser, though cutting the lumber in good faith, has no claim upon the owner, either in a legal or equitable sense; and that there is no injustice in holding that such trespasser must lose the labor he has expended in converting another's trees into logs.

As to the second proposition, the court very properly held, in view of our opinion in *Busch v. Fisher,* 73 Mich. 370, that the bond upon which the present suit was planted took the place of the property in dispute, and that this suit embraced substantially all the issues in the other replevin suits. The final judgment in this case must, as a matter of law, conclude and dispose of the first replevin suit instituted by Busch. It is for the same property, and the claim as to the ownership of the property is the same in both cases. The court was also clearly right in limiting the recovery to the value of the logs in the boom at Marquette, without reference to the value of the lumber manufactured from a portion of them since the first replevin suit was commenced. The property replevied was logs, and by the taking of the bond in suit Busch waived the return of the property, and the bond took its place. Full justice is done to Mr. Busch by the ruling of the court in this regard, and we think that such was the plain intent of the bond.

The judgment is affirmed, and, as all the errors assigned are overruled, no costs will be awarded in this Court to either party.

CHAMPLIN, C. J., McGRATH and LONG, JJ., concurred. GRANT, J., did not sit.