# Richmond

## QUIGLEY FURNITURE COMPANY V. RHEA & OTHERS.

### November 21, 1912.

1. LOGS AND LOGGING—*Standing Trees—Time for Removal—Conditional Extension of Time—Burden of Proof.*—Where a deed conveying standing timber fixes a definite time within which the timber must be cut and removed, and also names certain conditions under which the time may be extended for one year, those claiming under the grantee in that deed are chargeable with notice of all of the provisions of the deed, and if they claim the benefit of the additional year for removal, the burden is upon them to show that they have brought themselves within the conditions named in the deed entitling them to the additional time.

2. LOGS AND LOGGING—*Standing Trees—Cutting After Time Limit—Damages.*—The lowest measure of damages for timber cut and removed from land after the expiration of the time fixed by contract for cutting and removing is the value of the timber on the land at the time of cutting, or its "stumpage value," and hence the party liable for such damages cannot complain that such measure is excessive.

3. LOGS AND LOGGING—*Standing Trees—Cutting After Time Limit—Reclaiming by Owner—Enhanced Value.*—Where a deed conveying standing timber fixes a definite time within which the timber is to be cut and removed, the grantee acquires no title whatever to timber not cut or removed at the expiration of the period fixed. As to timber cut after that date, but not removed, the owner may reclaim it in its improved condition, if any, without liability for any expenditures made in its improvement, though the expenditures were made in good faith, under the belief that the party had a right to cut and remove.

4. APPEAL AND ERROR—*Cross-Error—Matters Not In Issue.*—Appellees cannot assign as cross-errors objections not made in the trial court concerning matters not made the subject of investigation and enquiry in that court, and not asked to be investigated.

Appeal from a decree of the Circuit Court of Tazewell county.  Decree for the complainants.  Defendants appeal.

*Affirmed.*

The opinion states the case.

*Greever & Gillespie,* for the appellant.

*A. S. Higginbothan,* for the appellees.

CARDWELL, J., delivered the opinion of the court.

The bill filed in this cause by appellees (complainants below) sets out that on the 10th day of August, 1899, they, or their predecessors in title, together with one John O. Neal, executed to the Chilhowie Lumber Company, a corporation, a deed whereby they granted and conveyed to said company, upon the terms and under the limitations therein set out, all the timber and trees, except as in the deed reserved and excluded, standing, being and situate upon certain lands in Tazewell county, known as the "Sheffey lands;" that in the deed (filed as "Exhibit A" with the bill) it was provided, among other things, that all trees under fourteen inches in diameter were excluded (except for building roads, tramways, etc.) ; and that the deed further expressly provided as follows: "that the said second party shall have the term of six years from the date hereof for the purpose of cutting, felling, using, manufacturing and removing the timber hereby conveyed, and the lumber and material manufactured therefrom  *  *  * provided, further, that if through sickness of any of the managers or operating agents of said second party, or serious accidental cause, the said second party has not, at the expiration of said term of six years, gotten off all of the timber herein conveyed, then an additional time, not exceeding one year, will be given to do so."

The bill then recites provisions of the deed usually found in deeds conveying standing timber, the right of ingress and egress in, over and upon the lands upon which the timber is located; the right to locate and operate machinery, plants, tramroads, etc., necessary for the cutting, manufacturing and marketing of the timber conveyed, and then alleges that, at the expiration of the term of six years, the Chilhowie Lumber Company had not cut and removed all the timber sold as aforesaid, but that there remained on the land a large quantity of standing timber above fourteen inches in diameter, and also a large quantity of timber which had been felled by said company; that there was no such sickness of the managers or operating agents of the company, and no such serious accidental cause, as entitled the company to the additional period of one year after the expiration of the six years.  The bill further alleges that the Chilhowie Lumber Company, having become involved financially, had all of its business placed in the hands of B. F. Buchanan, as receiver, who sold to the Quigley Furniture Company, a corporation of the State of New York, such rights as the Chilhowie Lumber Company had under and by virtue of the timber deed, "Exhibit A."

It appears from the record that the contract of sale to the Quigley Furniture Company was made by B. F. Buchanan, as trustee, on February 15, 1906, and the deed of conveyance executed on March 21, 1906, by which Buchanan, trustee, under and by virtue of a deed of trust and assignment executed to him by the Chilhowie Lumber Company on August 19, 1904, sold and conveyed to the Quigley Furniture Company for the consideration of $7,500 all of the right, title and interest of the Chilhowie Lumber Company in and to the timber then standing and situate on the "Sheffey lands," also all the buildings, structures, etc., of the Chilhowie Lumber Company, then situate on the

said lands, and other personal property of the Chilhowie Lumber Company.

It is further charged in the bill in this cause that all of the timber, standing or felled, which remained on the lands in question after the expiration of six years from the date of the deed ("Exhibt A"), became the property of the complainants, and that neither the Chilhowie Lumber Company nor the Quigley Furniture Company had or have any right or title thereto; that upon information and belief the Quigley Furniture Company had, since the expiration of the said time limit, cut a large quantity of valuable timber upon said lands, and had removed a large quantity of logs therefrom; that the Quigley Furniture Company had done other acts, operations and trespasses in and upon the lands, which wrongful acts and continuing trespasses done by it, a non-resident corporation, constituted a cloud upon the title and possession of the complainants, for which there was no adequate remedy other than an injunction from a court of equity. Complainants were unable to state in their bill accurately how much timber in quantity and value the Quigley Furniture Company had wrongfully removed from their said lands, but averred that up to the date of their bill (June 15, 1907) they were entitled to recover from the Quigley Furniture Company "for removing down timber, and for the use and operation of certain tramroads and rights of way upon the premises at least the sum of fifteen hundred ($1,500) dollars."

The bill made the Chilhowie Lumber Company, B. F. Buchanan, receiver (trustee) as aforesaid, and the Quigley Furniture Company, parties defendant thereto, and its prayer was for an attachment to be issued and levied on the property of the Quigley Furniture Company to secure the amount of its indebtedness to the complainant; that the Quigley Furniture Company be restrained and enjoined "from further trespassing upon said lands and from

cutting or removing any timber or logs therefrom;" and also prayed for an accounting, for a perpetual injunction on final hearing, a recovery of the amount ascertained to be due the complainants, a sale of the attached property, and for general relief.

The Quigley Furniture Company alone filed an answer to the bill, its answer admitting that at the expiration of the six-year limit stipulated in "Exhibit A" with complainant's bill the Chilhowie Lumber Company had not cut and removed all of the timber sold to it and set out in said deed, but averred that it, the Quigley Furniture Company, assignee of the rights, etc., of the Chilhowie Lumber Company, under the deed, was entitled "to the additional period of one year provided for in said deed, because the said Chilhowie Lumber Company suffered great and serious loss by washing out of its tramroad and the burning of its saw mill within said six years, which caused a serious embarrassment in the conduct of its business, and was of such a nature and was sufficient to entitle it to the additional year after the expiration of said six years provided for in said contract." The answer also set up and elaborated other grounds of defense against the relief asked by the complainants, but it is not deemed necessary to set them out here.

The summons and attachment in the case were issued by the clerk, the attachment levied and due return thereof made, depositions were taken and filed by both parties, and the circuit court, by its decree of June 22, 1908, settled the principles of the cause and adjudicated as follows:

"1.   That the Quigley Furniture Company was only entitled to six years from the 10th day of August, 1899 (the date of the timber deed), to cut and remove the timber, and was not entitled to the one year extension provided for in the deed.

"2.   That all timber mentioned in the timber deed which

had not been severed at the expiration of the six-year limit reverted to and became the property of the complainant; and that all of the timber which had been severed within the said six years, but which had not been removed from the premises, was the property of the defendant company, and that the complainants had no title to the timber severed within the said period of six years.

"3. That the complainants permit the removal by the defendant company of all logs on the premises cut prior to the 10th day of August, 1905 (the expiration of the six-year limit), and that the defendant pay to the complainants all actual damages, to be ascertained in this cause, which may be done to the premises by reason of ingress and egress in removing such logs.

"4. That as to timber cut by defendant company after the expiration of the six years and manufactured or removed from the premises, whether over or under fourteen inches in diameter, the defendant company is liable to the complainants for the value thereof, and for any damages sustained by such cutting and removal, and as to any timber cut since the 10th day of August, 1905, but not removed or manufactured, the removal of the logs thus cut is enjoined.

"5. That the defendant company is also liable for the use of and damage to complainants' lands since August 10, 1905.

"6. That the cause is referred to a commissioner to take an account and report the amount of the liability of the Quigley Furniture Company to the complainants, upon the basis of liability fixed by the terms of this decree."

The commissioner filed his report, together with the evidence taken before him, with respect to the accounting ordered, on November 30, 1910; the delay in filing being explained as due to negotiations between the parties looking to a settlement of the matters in controversy. He

found and reported $2.25 per thousand as the value of 750,000 feet of timber cut and removed by the Quigley Furniture Company after the six-year limit, which he ascertained to be the value of the timber at the time of severance, and reported that it did not appear "that the land was damaged other than by the loss of the timber."

Exceptions to the commissioner's report were filed by both of the parties to the controversy, but were, except in some minor particulars, overruled by the court, and by its final decree the report, finding $2.25 per thousand as the value of 750,000 feet of timber cut and removed from the complainants' lands after August 10, 1905, was confirmed, and a recovery accordingly in favor of the complainants against the Quigley Furniture Company was decreed; and as to 250,000 feet of timber cut after August 10, 1905, but not removed from the lands (which the court by its decree of June, 1908, had adjudicated belonged to the complainants and enjoined the defendants from removing) the court ruled that the complainants were entitled to nothing on account of the cutting of these logs (the 250,000 feet) for the reason that they had "elected, as to this timber, to claim and take possession of the same on the lands before removal by the defendant;" and a perpetual injunction was also decreed in accordance with the prayer of complainants' bill. From this final decree, entered by the circuit court at its December term, 1910, the Quigley Furniture Company obtained this appeal.

The errors of the circuit court alleged in the petition for the appeal are: (1) In holding that the appellant was not entitled to have the additional year it claimed within which to cut and remove timber from the "Sheffey lands;" (2) in decreeing $2.25 per thousand as the value of 750,000 feet of timber removed after the time limit, which value is claimed to be excessive; and (3) in not allowing appellant to recover, or have credited on the recovery decreed against

it the amount paid out and expended by it in cutting and skidding the 250,000 feet of timber not removed from the lands and reclaimed by appellees."

In considering the first assignment of error it is to be observed that the provision in the contract of sale of the timber on the "Sheffey lands" for additional time, after reciting the causes for which it might be asked, is "then an additional time, not exceeding one year, will be given to do so." The bill in the cause alleged that there was no such "sickness of the managers or operating agents" of the Chilhowie Lumber Company, and no such "serious accidental cause," as entitled the company to the additional period of one year after the expiration of the six years stipulated for in the deed as the time limit within which the timber was to be cut and removed from the "Sheffey lands;" and the bill was taken for confessed as to all the defendants except appellant, whose answer only bases its right to the additional year provided for in the deed on the ground that the Chilhowie Lumber Company suffered great and serious loss by the washing out of its tramroad and the burning of its saw mill, which caused serious embarrassment in the conduct of its business. It appears in the record that the accidental causes relied on occurred in the year 1901, while the deed of assignment from the Chilhowie Lumber Company to Buchanan, trustee, was executed August 19, 1904, the trustee taking charge of the company's affairs after that date; yet none of the agents and representatives of the predecessors in title of the appellant are called in as witnesses to disclose whether the failure to get off all the timber within the time limit of six years was due to the washout and fires of 1901, or some other cause. Whatever proof there was to be had as to the cause of not getting the timber off within the time limit was peculiarly within the knowledge of appellant, and it adduced none other than that obtained from two farmer witnesses living

near the "Sheffey lands," and acquainted in a general way with the operations of the Chilhowie Lumber Company on those lands. While these witnesses testify as to the washout and fires of 1901, they were unable to say whether or not those occurrences were the cause of the timber not being gotten off the "Sheffey lands" within six years from the Chilhowie Lumber Company's purchase of it. The burden was upon the appellant to show the cause, but instead of doing so it appears that it all along assumed the right to the additional year's time, and that, too, without ever having applied to appellees for an extension of the time limit.

Appellant is to be held as having notice of all the provisions of the deed from appellees to the Chilhowie Lumber Company, under which it claimed and which expressly provided that an additional time, not exceeding one year, within which to cut and remove the timber, would be allowed only on certain conditions. It chose to ignore the terms of the deed under which it claimed, and to act on its own unwarranted assumption of the right to the one year's additional time provided for in the deed, and, therefore, it has no just cause of complaint that the court held that it had no such right.

The second assignment of error is also without merit. The proof taken by the master commissioner and returned with his report very clearly sustains his finding, approved by the court, of $2.25 per thousand as the value of 750,000 feet of timber cut and removed by appellant from the "Sheffey lands" after the time limit. Practically the only ground relied on by appellant for its contention that $2.25 per thousand for the 750,000 feet of timber cut and removed after the time limit is excessive is that the company had made no money on the timber manufactured from the "Sheffey lands" or other lands in that section, and, therefore, if the company be required to pay for the 750,000

feet of timber it should be credited with the cost of cutting and skidding this timber, amounting to $2,812.50. If this contention were sustained, the value of the timber to appellees, as fixed by the commissioner's report, viz., $1,687.50, would be more than wiped out.

The bill in the cause averred that the complainants (appellees), up to the filing of their bill, were entitled to recover from the defendant company (appellant) for removing the down timber, etc., that is, the 750,000 feet cut and removed after the six years limit; and as to the timber cut into logs after the time limit, but not removed from the land, they were entitled to the same as if it were their property; and asked for an injunction against "removing any timber or logs" from the lands. The measure of damages applied to the 750,000 feet of timber by the commissioner, and approved by the court, was its value on the land at the time of cutting, or its stumpage value; and as to the 250,000 feet of timber, the appellees recaptured the same on the land before removal and recovered no damage whatever for its severance from the land. The measure of damages applied to the timber cut and removed was the lowest and most favorable measure of damages known to the rules of law applicable to such cases, and appellant has no just ground to complain of it.

In support of appellant's third and last assignment of error, the following contention is made in the petition for this appeal: "If the court should hold that the petitioner was not entitled to the additional year, as it is most earnestly contended it was, still, as petitioner in good faith greatly increased the value of the 250,000 feet which it was prevented from removing by the election of complainants to retain same in the then improved condition rather than recover from petitioner the value of the timber standing, they must pay to petitioner the amount of increased value, which is shown to be not less than $937."

The ruling of the lower court that appellant was, under

the terms of the contract, "Exhibit A" with the bill, only entitled to six years from the date of the contract (August 10, 1899) to cut and remove the timber, is in line with the weight of authority, and is approved by this court, in construing a similar contract (though less stringent in its requirements that the timber be cut and removed within the time limit) in *Wright* v. *Camp Mfg. Co.*, 110 Va. 698, 66 S. E. 843, where the following principles of law are approved and upheld: "Whenever in an instrument conveying standing timber there is a clause, either prescribing or granting a certain time in which the vendee should or might cut or remove timber, the grantee has no title whatever to any timber not cut or removed at the expiration of said period."

"In the case of sale of standing timber, or of an exception of the timber on a conveyance of the land, the timber must be cut and removed within the time limited in the written instrument, and all that is not so cut and removed adheres to the land, free from the sale or exception, as the legal effect of such contract of sale or exception of timber is a right to only so much timber as shall be cut and taken off within the limited time."

Upon looking to the whole deed and all of its provisions, which had to be considered to arrive at its proper construction, the court held in that case that it was not the intention of the parties to give an absolute and unconditional title to the timber, but to only such as was cut and removed within the time limited by the deed and such extensions thereof as the grantee was entitled to demand upon a fair construction of the deed, or as might be agreed upon between the parties.

The authorities also amply sustain the ruling of the trial court in this cause, that the title of appellees to the 250,000 feet of timber cut into logs and lying upon the "Sheffey lands" at the time of the institution of this suit was not divested by the acts of appellant in cutting the

timber and skidding a part of it, but that the title remained in them and they had the right to reclaim the property, as they did, without rendering themselves liable to appellant for any expenditures made in cutting and skidding the logs.

There are a number of cases, some of them cited for appellant, which hold that in actions for damages for the value of timber cut and removed, where the trespass is the result of inadvertence or mistake, and the wrong was not intentional or negligent, the measure of the recovery is the value of the property when first taken—that is, if the conversion sued for was after value had been added and the recovery included the enhanced value, then the defendant should be credited with the value added by him; but that principle has no sort of application to the facts of this case. In other words, there is a marked distinction made in the decided cases where the true owner exercises his right to recapture his property and those cases where he waives that right and elects to sue for compensation in damages.

In *Gaskins* v. *Davis,* 115 N. C. 85, 20 S. E. 188, 44 Am. St. Rep. 439, 25 L. R. A. 813, the facts appearing and the contentions made were practically identical with the case at bar. There a part of the timber having been recaptured and a part having been removed and the value thereof recovered, the defendant contended that he should recoup for the money expended on the recaptured property, but his claim was denied. To a report of that case, in 44 Am. St. Rep. 439-444, Mr. Freeman has a lengthy note, citing numerous cases and discussing the law as to recapture of "Property Taken Innocently," from which we quote as follows: "The owner of timber so cut has the right to reclaim the logs or the timber if he can, and if he does, the trespasser, though cutting the timber in good faith, has no claim upon the owner, either in a legal or equitable sense, and there is no injustice in holding that such trespasser

must lose his labor and expense expended in cutting the timber of another into logs or lumber. *Gates* v. *Rife Boom Co.,* 70 Mich. 309 [38 N. W. 245]; *Busch* v. *Fisher,* 89 Mich. 192 [50 N. W. 788]. One cannot convert to his own use the material of another, and by changing its form acquire title thereto on the ground that he is liable for its value. He can acquire no title by a wrongful act unless the owner deems it proper to abandon his property and accept satisfaction in value, and, whatever alteration of form his property has undergone, the owner may seize it in its new shape, if he can prove the identity of the original material. *Dunn* v. *O'Neal,* 1 Snead (Tenn.) 106, 60 Am. Sec. 140."

In *Busch* v. *Fisher,* cited by Mr. Freeman in his note, *supra,* the opinion says: "A trespasser, however innocent, acquires no property in logs cut on the lands of another, nor lien thereon, for the value of the labor and expense of cutting, nor can he recover such value in an action of trover or *assumpsit* from the owner of the timber, who has the right to reclaim the logs."

Again, the learned author in his note quotes from the opinion of the Supreme Court of Kentucky, in *Strubbee* v. *Trustees Cin. Ry.,* 78 Ky. 481, 39 Am. Rep. 251, wherein it was held that the owner of timber cut from his land by an innocent trespasser cannot be divested of his title, although the trespasser has converted it into railroad ties, and says: "The better rule is that the fact that the property has been increased in value is not sufficient to divest the owner of title, nor is the party performing the labor, though mistaken as to his rights, entitled to compensation to the extent of the benefit received by the owner."

In *Weymouth* v. *Chicago, &c., Ry. Co.,* 17 Wis. 550, 84 Am. Dec. 763, a case also in point, the opinion says: "In determining the question of recapture, the law must either allow the owner to retake the property, or it must hold that he has lost his right by the wrongful act of another.

If retaken at all, it must be taken as it is found, though enhanced in value by the trespasser. It cannot be restored to its original condition. The law, therefore, being obliged to say that either the wrongdoer shall lose his labor, or the owner lose the right to take his property wherever he may find it, very properly decides in favor of the latter."

The court below, in its decree of June 22, 1908, settling the principles of this cause, adjudicated, with respect to the timber which had been cut, but not removed prior to August 10, 1905—that is, within the six years limit—that such timber was the property of the defendant company (appellant), and that complainants (appellees) had no title thereto; "that as complainants are invoking the aid of a court of equity, it will, as a condition of granting the relief herein granted, require complainants to permit the removal by the defendant company of all logs, if any, cut prior to August 10, 1905, paying to the complainants actual damages which may be done to the premises by reason of ingress and egress in removing such logs, such damages to be ascertained in this cause."

This ruling of the lower court is assigned as cross-error by appellees, under Rule VIII. of this court, and with respect thereto we deem it only necessary to say that appellees made no objection, so far as the record discloses, to the decree entered in the cause June 22, 1905; that no injury was gone into or reported by the commissioner concerning logs cut but not removed within the six years, and no exception was taken to the report on that ground; and, moreover, if there were any such logs, they were, doubtless, of little or no value, for appellees invoke the record here as showing that the logs cut after the time limit and not removed, but reclaimed by appellees, proved to be practically worthless to them.

Upon the whole case we are of opinion that the decree appealed from is right, and it is, therefore, affirmed.

*Affirmed.*