Hines *v.* Allen.

———————◆———————

JOSEPH W. HINES *versus* JOHN ALLEN.

No defendant in replevin, or any person deriving title from him after the service of the writ, can, during the pendency of the suit, maintain a subsequent action of replevin for the same property, against the former plaintiff in possession.

ON EXCEPTIONS.

REPLEVIN for a colt. Writ dated Oct. 4, 1865. Plea,

general issue with brief statement, claiming title in the defendant and denying·title in the plaintiff.

It appeared that, on Oct. 2, 1865, the defendant replevied the same colt from one Delano and received possession of the colt from the officer, whereupon Delano, owing the plaintiff $42, sold the colt to the plaintiff for a fair value, and thereupon the plaintiff instituted this suit.

The presiding Judge ruled that this action could not be maintained, and ordered a nonsuit, to which ruling the plaintiff alleged exceptions.

*E. Madigan & Copeland*, for the plaintiff.

*Herrin*, for the defendant.

KENT, J.—It is well settled that when property has been taken from a person by a replevin suit against him and delivered to the plaintiff, the defendant in that suit cannot replevy the property back again, pending the suit. *Ilsley* v. *Stubbs*, 5 Mass., 280 ; *Morris* v. *De Witt*, 5 Wend., 71 ; *Sanborn* v. *Leavitt*, 43 N. H., 475. The reasons for this rule are obvious. Such a course would lead to confusion, multiplicity of suits, and unnecessary complications. It cannot be necessary to vindicate the rights of either party. Those rights can be fully determined in the first suit. It is clear therefore in this case, that Delano could not maintain a replevin suit against the plaintiff for the colt.

Can a person who derives his title or claim from a sale or transfer by Delano, *made after the colt had been replevied from him*, maintain this action of replevin?

The cases before cited, and others of like character, unquestionably establish as a general principle, that the owner of a chattel may take it by replevin from any person, whose possession is unlawful, unless it has been taken from him by replevin by the party in possession.

The chattel is not considered in the custody of the law, so as to be for that reason irrepleviable by any person, pending the suit, after it has been delivered by the officer to the plaintiff in replevin.

But, is it not a clear evasion, if not a nullifying of the doctrine first stated, if a party, who cannot replevy himself, can, by a new sale or conveyance, colorable or real, enable a third party to do it? Ordinarily, the rights and liabilities of parties in suits, depend upon the facts existing at the time of the commencement of the action. In this case, at *that* time, the present plaintiff had no right or title, or interest in this colt. His after acquired title depends entirely upon the right and title of Delano. This right can be perfectly vindicated in the first suit against Delano. If the plaintiff in that suit, (the present defendant,) fails to establish his title or right to possession, there must be a judgment for a return, and then this plaintiff can assert his right against Delano by replevin.

If this action can be sustained, we should have two actions of replevin, to be tried upon exactly the same facts and the same title. In both, the question must be the right set up by the present defendant and the right set up by Delano. The present plaintiff's rights are exactly the same, no less and no more, than Delano's.

We think it could not be intended by the principle, before stated, that a new right could be acquired by a subsequent sale to a third party, to institute a replevin, which did not exist in the vendors. The reasoning which would prohibit a suit by the defendant in replevin applies with equal force to a subsequent purchaser.

*Exceptions overruled.*

APPLETON, C. J., CUTTING, DICKERSON, BARROWS and DANFORTH, JJ., concurred.