SPENCER O. FISHER ET AL. v. WILLIAM C. BUSCH ET AL.

*Plea in abatement—Demurrer—Cross-replevin—Parties.*

1. Objections to the sufficiency of the allegations in a plea of abatement should be raised by demurrer, and, if not made until after judgment, come too late to entitle them to consideration.

2. B. brought suit in replevin against F., who was a member of a firm, and N., who was its agent and in possession of the property replevied. The firm then brought replevin against B., and joined three other defendants with him, for the same property delivered to B. upon the first writ, and the only question in both suits was whether B. or the firm were the owners of the property.

   *Held,* that the second suit was a cross-replevin, and could not be maintained.

3. That the parties in the second suit are not identical with those in the first suit is not important, unless the new parties claim some interest in the property, or right thereto, different from or independent of the parties to the first suit.[1]

Error to Marquette. (Grant, J.) Argued November 4, 1886. Decided January 13, 1887.

Replevin. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*W. P. Healy,* for appellants.

*F. O. Clark,* for defendants.

---

[1] Head-notes prepared by CHAMPLIN, J.

CHAMPLIN, J.   This is an action of replevin, brought by the plaintiffs as copartners under the firm name of West Bay City Manufacturing Company against the defendants, to obtain possession of certain white pine saw-logs.   The declaration was in the usual form in replevin.   The defendants interposed a plea in abatement, and upon this plea issue was joined.

Objection is raised upon the argument that the plea does not possess the requisite allegations as to certainty required in pleas of this nature.   No demurrer was interposed, and the objection comes too late after judgment.

The gist of the plea is that a prior writ of replevin had been issued out of the same court, for the same property as that described in this writ, at the suit of said William C. Busch, one of the defendants in this suit, against the said Spencer O. Fisher, together with George L. Burtis and Timothy Nester, as defendants; that the writ was executed and the property delivered to Busch, and he executed and delivered to the sheriff the requisite bond; that Busch filed his declaration in that suit, and the defendants therein appeared and pleaded the general issue; that this is a cross-replevin, and the writ was issued at the suit of the same Spencer O. Fisher, together with Albert A. Crane and Frederick Cole, and against the same William C. Busch, together with Arthur Hill, Eben N. Briggs, and Edward R. McCarty, and the same property retaken and turned over to the plaintiffs in this suit; and that this suit seeks to raise the same issue as exists in the former action, and is between the same parties, or their privies.   Upon the trial a written stipulation was filed, admitting the following facts:

"1. That the logs involved in this suit, and described in the writ and declaration therein, were taken from the possession of Timothy Nester, September 16, 1885, by the sheriff of Marquette county, upon a writ of replevin in due form, and with the proper affidavit attached thereto, duly issued out of said court on that day, wherein William C. Busch, one of the defendants in this case, was plaintiff, and Timothy

Nester, Spencer O. Fisher, and George L. Burtis were defendants. Said Spencer O. Fisher is the same person who is one of the plaintiffs in this case, and the logs involved in this cause are the same as those involved in said first suit, and described in the writ and declaration therein.

" At the time of the taking of said logs on said writ of replevin, on the sixteenth day of September as aforesaid, said Timothy Nester was in the possession thereof as the agent of the West Bay City Manufacturing Company, a partnership composed of the plaintiffs in this suit, who then claimed to be the owners of said logs, and they were on that day delivered by said sheriff to said William C. Busch on his giving to said sheriff a bond as required by law.

" Said first replevin suit was pending on the merits, and was undetermined, though no service had been made on the defendant Fisher, at the time this suit was commenced. Issue on the merits was thereafter joined in said first suit, and a verdict and judgment were rendered therein on the second day of January, 1886, in favor of the plaintiff, William C. Busch, against the defendants Timothy Nester and Spencer O. Fisher, they having appeared and pleaded therein, and a writ of error has been duly sued out of the Supreme Court by said Nester and Fisher to remove said cause to the Supreme Court.[1]

" 2. The writ of replevin in this cause was sued out in favor of the plaintiffs herein, and against the defendants, on the seventeenth day of September, 1885, the said plaintiffs claiming the said logs as partners doing business under the name of the West Bay City Manufacturing Company, and said logs were on the same day taken from the possession of said Busch by the sheriff upon said writ of replevin, and delivered to the plaintiffs in this case; they having given said sheriff a bond as required by law.

. " 3. It is further admitted, for the purposes of the trial of the issue joined on the plea in abatement in this cause, but for no other purpose, that the plaintiffs in this cause, before the sixteenth day of September, 1885, purchased from said Timothy Nester, who before that claimed to be the owner thereof, all the right, title, and interest said Timothy Nester had in said logs, and that, after such purchase, said plaintiffs, as such partners, and at the time of the commencement of said first replevin suit as well as of this suit, claimed to be the absolute owners of said logs, and entitled to the possession

---

[1]See *Busch v. Nester*, 62 Mich. 381; also, 38 N. W. Rep. 458.

thereof, and were the owners of all the title thereto that said Nester had before their said purchase."

The other testimony in the case consisted of the files and records in the two replevin suits.

The judge charged the jury as follows:

"*Gentlemen of the Jury.* The plaintiffs in this case, Spencer O. Fisher, Albert A. Crane, and Frederick Cole, brought a suit in replevin against William C. Busch and others to recover from the defendants certain pine logs or timber set forth in the declaration. The history of this timber, as appears by the stipulation of facts in this case, is this: Timothy Nester had possession of this property, in connection with others here, in the water at Marquette. William C. Busch claimed the right to the possession of that property. On the sixteenth day of September, 1885, he brought his suit against Timothy Nester, Spencer O. Fisher, and Mr. Burtis to recover possession of these logs. The writ was placed in possession of the sheriff. The sheriff proceeded to execute the writ, took possession of the logs, had them appraised, and William C. Busch, the plaintiff in that suit, gave the replevin bond required by law to be given in such cases; and thereupon the property was turned over to the plaintiff in the suit by the sheriff. Spencer O. Fisher, it appears, one of the defendants in that suit, had associated with him Albert A. Crane and Frederick Cole, under a partnership carried on under the name of the West Bay City Manufacturing Co., at the time of the taking of these logs from the possession of Mr. Nester. The stipulation shows that Mr. Nester took possession of these logs as agent of Spencer O. Fisher and his copartners. On the following day after the replevin by Mr. Busch, viz., on the seventeenth day of September, 1885, Spencer O. Fisher and his copartners brought their writ of replevin against William C. Busch and others to recover back the possession of the property. The defendants in this suit claim that that was what is known as a cross-writ of replevin, and I charge you, gentlemen, under the facts in this case, Spencer O. Fisher being one of the defendants in the first suit, and one of the plaintiffs in this suit, that this suit is a cross-replevin, and the plaintiffs cannot maintain it.

"It is the law that where one party claiming the possession to property has brought his writ of replevin, given his bond, as between all the defendants in that suit and those who are associated with them, the title to that property is to be

decided in that first suit, and the plaintiff who has brought that suit, and given his bond as required by law, is entitled to the possession of it until his rights are litigated in court in that suit; and any attempt on the part of either of the defendants in that suit, by associating copartners or other persons with him, to maintain another suit to get it back, will not be tolerated in any court of law. It is therefore a cross-writ of replevin, and the plaintiffs in this case had no right to bring this suit in replevin, and I charge you, therefore, to find a verdict for the defendants in this case."

The only errors assigned are the following:

1. In the oral charge of the circuit judge to the jury, where said circuit judge says: "Under the facts in this case, Spencer O. Fisher being one of the defendants in the first suit, and one of the plaintiffs in this suit, that this suit is a cross-replevin, and the plaintiffs cannot maintain it."

2. In said oral charge, where said circuit judge said: "I charge you, therefore, to find a verdict for the defendants in this case."

We think the evidence shows that this suit is a cross-replevin. The real issue to be tried in both suits involves the title to the logs. No possessory rights independent of ownership are involved. In the first suit, Busch claimed the title as against Nester, Fisher, and Burtis. The plaintiffs in the second suit claim to be the absolute owners as against Busch and his co-defendants. It appears that they claim such ownership as partners, and through a purchase from Nester prior to the issuing of either writ, and that Nester was in possession as their agent. It is plain, therefore, that the title of Busch and the title of the firm of which Fisher was a member could be litigated in the first suit, and that he could show the title and ownership of the property in the firm of which he was a member, and this would constitute a complete defense, and authorize a judgment for a return of the property. No more can be done in the second suit. The same issue is involved, and is made out by the same evidence.

That the parties to both suits are not identical is unimportant, unless such new parties claim rights or interests dif-

ferent from or independent of those claimed by the parties to the first suit. We perceive no error in the charge of the court, and the judgment is affirmed.

The other Justices concurred.