## JAMES D. MOWRY, TRUSTEE, *vs.* FRANK HAWKINS.

New London Co., May T., 1889.   ANDREWS, C. J., CARPENTER, LOOMIS, TORRANCE and F. B. HALL, Js.

An estate was given by will to the wife of *M*, who was the testator's daughter, for her life, with remainder to her children, and *M* and another were made executors.   The executors invested a portion of the funds of the estate in the stock of a certain joint stock corporation and intended to have the stock transferred to *M* as trustee, but by mistake it was transferred and a certificate made to *M* individually.   While

the stock thus stood in *M's* name it was attached by one of his creditors. In a suit by *M* as trustee for his wife for an injunction against the sale of the stock by the officer on the execution, in which it was found that *M* held the stock as such trustee, and in which it was claimed by the defendant that *M* by his conduct with regard to the stock since the transfer had estopped himself from claiming it as trustee, it was held—

1. That the fact that the wife of *M* did not own the stock, but only the income from it, could not have the effect in law to prevent his being her trustee in respect to the stock during her life.

2. That the mere fact that the stock stood in *M's* name did not make it liable to attachment by his creditors; and that it clearly would not be so as to creditors who had not been misled by the fact, or who were advised as to the true state of the title.

3. That as to the estoppel, the question was not whether *M* was estopped by his acts from denying as trustee that the stock was owned by him individually, but whether his wife was estopped by his acts.

4. That a suit at law for the value of the stock was not such an adequate remedy at law as to exclude equitable jurisdiction.

It being provided by statute (Gen. Statutes, § 2793,) that a husband may not sell property of his wife held by him as statutory trustee, unless she joins in a written conveyance of it, it is difficult to see how her title can be lost by means of an estoppel against her will.

A plaintiff must recover, if at all, in the capacity in which he sues.

[Argued May 29th—decided September 9th, 1889.]

SUIT by the plaintiff, as trustee of the property of his wife, for an injunction against the levy, by the defendant as an officer, of an execution against the plaintiff in his individual capacity upon certain corporate stock claimed to be the property of the wife; brought to the Superior Court in New London County, and heard before *Sanford, J.* Facts found and judgment rendered for the plaintiff, and appeal by the defendant. The case is sufficiently stated in the opinion.

*J. M. Thayer* and *C. F. Thayer*, for the appellant.

1. Under the practice act the plaintiff's right to recover rests upon and is limited by the facts alleged in the complaint. *Powers* v. *Mulvey*, 51 Conn., 432. In this action, therefore, he can recover judgment only upon showing himself entitled to the relief sought, in the very capacity in which he sues, to wit, as trustee of property held in the right of his wife.

Mrs. Mowry owned no part of the principal of the estate of David Smith. That belonged to her children. It was the income which it earned that was bequeathed to her. By his appointment of Johnson and Mowry as trustees, with power to sell and invest, the testator vested the legal title in the two trustees. Perry on Trusts, § 313; *Chamberlain* v. *Thompson*, 10 Conn., 244. In his first claim the defendant asked the court to rule that, on the facts, Mowry did not hold the property as trustee in right of his wife. The court finds that it was "held by him as trustee for his wife." But it also finds facts which clearly show that this cannot be true as matter of fact, and as a ruling of law upon all the facts it is erroneous. It is found that the stock was paid for out of funds belonging to an entirely different trust, and it will not be presumed that the trustees diverted the fund in their hands from its legitimate purpose.

2. Mowry was a stockholder of record, and the stock standing in his name on the books of the corporation was open to attachment in favor of his creditors, no matter in what capacity he held the same. The books and records determine who are stockholders for the time being. Thompson on Liability of Stockholders, §§ 177, 179; *Northrop* v. *Curtis*, 5 Conn., 254; *Dutton* v. *Conn. Bank*, 13 id., 493; *Shipman* v. *Ætna Ins. Co.*, 29 id., 245; *Litchfield Bank* v. *Church*, id., 137; *Colt* v. *Ives*, 31 id., 25; *State ex rel. White* v. *Ferris*, 42 id., 560; *Agricultural Bank* v. *Burr*, 24 Maine, 256; *Same* v. *Wilson*, id., 273; *Stanley* v. *Stanley*, 26 id., 191; *Upton* v. *Tribilcock*, 91 U. S. R., 45; *Sanger* v. *Upton*, id., 56; *Webster* v. *Upton*, id., 65; *Chubb* v. *Upton*, 95 id., 665; *Pullman* v. *Upton*, 96 id., 328; *National Bank* v. *Case*, 99 id., 628; *Johnson* v. *Laflin*, 103 id., 800; *Reciprocity Bank case*, 22 N. York, 9.

3. James D. Mowry, trustee, is estopped to assert title in himself or to deny that of James D. Mowry. When the owner of property in any form clothes another with the apparent title, or allows him to appear as the owner or as having power of disposition over the property, parties misled thereby will be protected. Their rights in such cases do

not depend upon the actual title or authority of the party
with whom they have dealt, but they are derived from the
act or omission of the real owner, which precludes him from
disputing, as against them, the existence of the title or power
which he caused or allowed to appear to be vested in the
other party. Bigelow on Estoppel, 468; *Cowdrey* v. *Van-
denburgh*, 101 U. S. R., 572; *McNeil* v. *Tenth Nat. Bank*, 46
N. York, 325; *Leather Manuf. Bank* v. *Morgan*, 117 U. S.
R., 96; *Upton Cases, supra.* It will not do to say that
Mowry, being a trustee, cannot be estopped as to property
held for his *cestui que trust.* Mowry, trustee, is a legal per-
son. *Jackson, Trustee,* v. *Hubbard*, 36 Conn., 10. And if,
through his negligence or misconduct as a trustee, he has
misled another to his injury, the trustee may be estopped.
Perry on Trusts, §§ 416, 417. And if any loss occurs to the
*cestui que trust* through the operation of the estoppel, the trus-
tee and his *cestui que trust* must settle it between themselves.
Thompson on Liability of Stockholders, § 179. A trustee
must be held to a reasonable diligence with respect to the
care of property which comes into his hands charged with a
trust, and if he neglects to ascertain facts easily within his
knowledge by the exercise of ordinary care, he is responsi-
ble for such neglect. Perry on Trusts, § 418. It is plain
that Mowry as trustee must know what Mowry individu-
ally knows. Neither can think or act or intend an act
without the knowledge of the other. On principles of pub-
lic policy the creditors of Mowry should be protected.
The officers of corporations who make sworn certificates
and publish them to the world in the performance of
a statutory duty are so situated that the public have a
right to place special confidence in their representations.
Gen. Stat., §§ 1956, 1959; *Calhoun* v. *Richardson*, 30 Conn.,
210. In the Upton cases above cited the stockholder
of record was held estopped by his conduct, and liable
as a stockholder to creditors of the corporation. If Mowry,
trustee, had knowledge of Mowry's conduct as an indi-
vidual or was ignorant of it as a result of his own want
of care, he cannot be heard in a court of equity to set up

that ignorance as a basis for his claim for equitable relief. The defendant was led to change his position to his injury. No attachment or levy would have been made if what he now alleges to be true had been shown by his sworn certificates. The defendant was not bound to look beyond the books and records of the corporation to ascertain the ownership of its stock. And the recorded certificate, under oath of the president and secretary, was presumably a correct statement of what those books and records contained. Gen. Statutes, § 1956. The defendant was commanded to levy on Mowry's property, and he took the course of a reasonable man to ascertain the ownership of the stock. *Northrop* v. *Curtis*, 5 Conn., 254. Failure to levy under the circumstances would have been negligence. He has incurred expenses and is subjected to suit, and he will be injured if the facts upon the faith of which he acted are disproved. *Drew* v. *Kimball*, 43 N. Hamp., 282. The usual evidence, and every evidence of title, has been given in this case, and it exhibits Mowry to the world as the owner of $8,300 of the stock. To hold that he may appear thus to the world will be, in the language of Judge HOSMER, to allow false colors to be displayed and a hopeless bankrupt, by a credit so derived, to defraud mankind. *Starr* v. *Knox*, 2 Conn., 215.

4. The plaintiff has adequate remedy at law. The defendant is liable in damages for conversion if he seizes the property of one man to satisfy the debt of another. *Dutton* v. *Conn. Bank*, 13 Conn., 493; *Johnson* v. *Conn. Bank*, 21 id., 148.

*S. Lucas*, for the appellee.

CARPENTER, J. On the 21st day of March, 1887, there were standing on the books of a joint stock corporation eighty-three shares of the stock in the name of James D. Mowry. On that day the defendant, as sheriff of the county, having levied an execution on the stock, posted the same for sale. Mowry, claiming that he held the stock as trustee for his wife, and that it was standing in his name by

mistake, brought a suit for an injunction to restrain the defendant from selling the same. There was a judgment for the plaintiff in the Superior Court, and the defendant appealed.

The stock was purchased with funds belonging to the estate of David Smith, deceased, who was the father of Mrs. Mowry, and died testate. By his will he gave the use of his estate for life to Mrs. Mowry and the remainder to her children. Mowry and one Johnson were executors and trustees under the will. The stock was sold to James D. Mowry, trustee, and he was appointed attorney to make the transfer on the books. When the transfer was made and the old certificates were surrendered and a new one taken, the transfer was made and the certificate issued to James D. Mowry instead of James D. Mowry, trustee. He did not notice the mistake at the time. It is found that it was a mistake, and the mistake of the secretary, and that Mowry " paid nothing for the same out of his individual funds or property, and that the stock was in fact held by him as trustee for his wife."

The first question arising under the first reason of appeal is, whether the court erred in not ruling, as requested, that James D. Mowry did not hold the stock as trustee of the estate of E. Louise Mowry. The ground of this claim is that Mrs. Mowry was not the owner of the stock, that it was paid for by the executors with funds of the estate of David Smith, and hence that they were the real owners; that is, that Mowry was trustee for himself and his co-executor as executors, or as trustees for Mrs. Mowry as to the life estate and for her children as to the remainder. Even if this were so it would not follow that the defendant would have a right to sell it for the benefit of a creditor of Mowry. Its only effect would be to defeat the present action on a technicality—a result we should be loth to reach. But we are disposed to take a different view of the case.

We do not deny that a party must recover in the capacity in which he sues. If he sues as trustee for his wife he must show a right to recover in that capacity. In this case we

can regard him as her trustee. The executors, who were also trustees, had power to invest the estate. They invested a portion of it in the purchase of this stock. Instead of taking the title in themselves jointly they took it in the name of James D. Mowry, trustee. The transfer does not specify whether as testamentary trustee or as a statutory trustee for his wife. The finding however makes it plain that the latter was intended. No question is made, or can be made, as to the power of the executors to make the investment in that way. Nor can we see, aside from the mistake of the secretary, that Mrs. Mowry, her children, or the executors will be harmed by it. The fact that she did not own the stock, but only the income, cannot have the effect in law to prevent him from being her trustee in respect to the stock during her life. It was legally competent therefore for the court to find, as it did find, and it is strictly true, that he is her trustee.

Under the 5th, 6th, 7th, 10th and 11th reasons of appeal, the defendant claims that the stock standing in the name of James D. Mowry " on the books of the corporation, was open to attachment and execution in favor of his creditors, no matter in what capacity he held the same." This, as a legal proposition, is altogether too broad. In the absence of fraud stock may stand in the name of one which belongs to another, without being liable to attachment for the debts of the nominal owner. That must be so as to all creditors who have not been misled or deceived by it, and as to those who are advised as to the true state of the title.

In this case there is no pretense that the attaching creditor had been misled or deceived, and it is admitted that the defendant, who may fairly be regarded as the creditor's agent for that purpose, was notified of the true ownership of the property soon after the levy of the execution.

A husband who is trustee for his wife cannot make her property liable for his debts simply by investing it in his name. A public statute cannot be thus easily repealed by one who may have an interest in repealing it.

Under the 8th and 9th reasons of appeal the defendant

claims that "James D. Mowry, trustee, is estopped to assert title in himself or to deny that of James D. Mowry." The argument by which this claim is supported is ingenious rather than sound. The question is not whether James D. Mowry, trustee, is estopped by his acts as such, but whether E. Louise Mowry is estopped by the acts of James D. Mowry. So far as he took part in purchasing the stock he acted as executor of David Smith. That he intended that it should vest in himself as trustee for his wife cannot be denied. So far as he took part in vesting the title in himself, and so far as he united with the secretary in making annual reports of the condition of the corporation to the town clerk, he was acting as president of the corporation. In no sense was he then acting as her trustee, and we fail to see that he did any act as such by which she can be estopped. The statute provides that he may not sell his wife's property unless she joins in a written conveyance thereof. It is difficult to see how a sale can be effected by means of an estoppel against her will. We will not undertake to say that there can be no case in which it can be done. It is enough for our present purpose to say that there is no estoppel that will affect her in this case. It may be true, in a certain sense and for certain purposes, that what he knew as president of the corporation he knew also as an individual and as trustee; but that is an insufficient reason for depriving her of her property.

Under the 13th reason of appeal the defendant claims that the plaintiff has adequate remedy at law. This claim does not seem to be seriously pressed. But if it is, it is enough perhaps to say that it does not appear to have been made in the court below, and under the rule cannot of right be claimed here. But aside from that, this is an action by a trustee to protect the rights of parties beneficially interested. A destruction or radical change of the trust property may be prejudicial to those interests, inasmuch as an action for damages may be a very inadequate remedy.

There is no error in the judgment appealed from.

In this opinion the other judges concurred.