### SIGMUND SIMON AND ISAAC MENDELSON v. WILLIAM LELAND, SHERIFF OF CLINTON COUNTY.

*Chattel mortgage—Trust—Cross replevin.*

1. Whether the mortgagee in a trust chattel mortgage securing several of the creditors of the mortgagor can assign to one of the creditors his interest in the mortgage,—*quaere.*

2. A debtor mortgaged his stock of goods to a creditor in his individual capacity and as trustee for other creditors, and then sold the goods to a stranger to the mortgage. Certain of the unsecured creditors of the mortgagor replevied a portion of the goods, joining the mortgagor, the mortgagee, and the vendee as defendants, after which certain of the secured creditors, having received from the mortgagee an assignment of their interest in the mortgage, replevied the goods from the sheriff. And it is held that the latter action was a cross replevin.

Error to Clinton. (Daboll, J.) Argued April 18, 1895. Decided April·30, 1895.

Replevin. Plaintiffs bring error. Affirmed. The facts are stated in the opinion.

*Watson & Chapman,* for appellants.

*Lyon & Dooling,* for defendant.

HOOKER, J. Bryson, a clothing dealer, gave a chattel mortgage to High, in his individual capacity and as trustee, purporting to secure to High $1,000, to the First National Bank of Ovid $1,000, to the Oakland County Savings Bank $2,000, and to Sigmund Simon and Isaac Mendelson, the appellants, $1,437.95. This mortgage was dated September 9, 1893, and soon after Bryson gave a bill of sale of his stock to Estey. On September 15, Rosenblatt Bros. replevied from High, Estey, and Bryson a portion of the stock which Bryson had purchased from them; and, while yet in the hands of the sheriff, Simon and Mendelson replevied the same goods from him, High having assigned to Simon and Mendelson their interest in the mortgage. These facts appearing upon the trial of the latter action, the court directed a verdict in favor of the defendant for the value of the property, upon the ground that it was a cross replevin.

The following is the only assignment of error, viz.:

"And now come the above-named plaintiffs, by H. M. High, Fedewa & Walbridge, Watson & Chapman, their attorneys, and say there is manifest error in the trial of said cause in the circuit court in the.county of Clinton, in that the circuit judge instructed the jury in his general charge as follows: 'I think the parties in interest in this suit were all before the court in the other replevin case,— the Rosenblatt case. That being so, and the property having been replevied in that case, and held by the sheriff in custody under the replevin process, it is not proper for the parties in interest in that to bring the action of replevin against the officer, when he holds the goods in that capacity. So, by direction of the court, you will

return a verdict in favor of the defendant. He having waived a return of the goods, and asked a judgment for the value, in the sum of \$394.30, you will so render your verdict.' "

It includes substantially all of the charge. Two points are urged under it: *First*, that the evidence did not show the action to be a cross replevin, within the statute; *second*, that the court refused to submit to the jury the question of the respective interests in the property held by plaintiffs and defendant.

If this can be held to be a valid assignment of error, it must be upon the theory that there was evidence tending to show that the plaintiffs were entitled to a verdict. It does not properly raise any question in relation to the subject of damages or return. Furthermore, the record fails to show that the court refused to allow the jury to consider the respective interests in the property. The question was not raised, and no objection was raised, nor was any suggestion made by counsel, when the defendant's attorney said that the defendant would waive a return, and take the value of the property. The case, therefore, turns upon the question of plaintiffs' right to bring the action; in other words, was it a cross replevin? The plaintiffs' claim was identical with that of High, from whom it was received, if it was a claim which High could assign, which we need not decide. It was based upon the chattel mortgage. Had High brought the action, it would have been a cross replevin, beyond dispute. It was brought by persons in privity with him, and is open to the same objection. See *Fisher v. Busch,* 64 Mich. 180; *First National Bank v. Crowley,* 24 Id. 492; *Steere v. Vanderberg,* 90 Id. 187; *Whitney v. Hyde,* 91 Id. 15; Shinn, Pl. & Prac. § 165.

The judgment must be affirmed.

McGRATH, C. J., LONG and MONTGOMERY, JJ., concurred. GRANT, J., did not sit.