62  237
62  257

JOHN S. NICHOLS v. BROWN KNUTSON.[1]

Oct. 15, 1895.

Nos. 9709—(279).

**Replevin—Right to Possession.**

In an action of replevin, the plaintiff must show, in order to justify a verdict or judgment in his favor for a return of the property or its value, an existing and immediate right to the possession thereof.

**Same—Evidence.**

Evidence considered, and *held,* that the plaintiff was not, either at the commencement of this action or at the time of its trial, entitled to the possession of the property taken from him by the defendant by virtue of a chattel mortgage thereon.

Appeal by defendant from an order of the district court for Polk county, Ives, J., denying a motion for a new trial.    Reversed.

*A. A. Miller,* for appellant.

*J. Walseth* and *Wm. Watts,* for respondent.

START, C. J.    Replevin to recover the possession of a grain drill.    The action was commenced in a justice's court, appealed to the district court, verdict for the plaintiff for a return of the property or for its value, and from an order denying his motion for a new trial the defendant appeals to this court.

Taking the most favorable view of the evidence for the plaintiff, the facts are as follows:    On April 10, 1893, the plaintiff bought the drill of Larsen, Carpenter & Co., and in payment therefor executed to them his promissory note, whereby he promised to pay to them on or before November 1, 1893, the sum of $130.    At the same time he secured the payment of the note by executing to them a chattel mortgage on the drill, in the usual form, which authorized them or their agent, if default was made in the payment of the note, to enter upon the premises where the drill might then be, take possession of and sell it to pay the debt and costs.    On May 10, 1894, there was some $65 due and unpaid upon the note; and

[1] Reported in 64 N. W. 391.

the agent of the mortgagees, Lawrence Larsen, with the defendant, who was a constable, went to plaintiff's farm, where the drill was, and demanded of him payment of the note or possession of the drill, under the mortgage. He refused either to pay or to give possession of the drill. Upon the plaintiff's refusing to state where the drill was, the agent said he would have him arrested for concealing mortgaged property. Other than this, there was no evidence in the case of intimidation or threats. The plaintiff told the agent, in substance, that he must not take the drill away, and forbade his doing so. The defendant then, by direction of Larsen, the agent, served on the plaintiff a notice of the foreclosure of the mortgage; and thereupon the agent, with the defendant, drove to where the drill was, nearly a mile away, but on plaintiff's farm, and took possession of it by virtue of the mortgage, and removed it into the highway, when it was taken from them by an officer acting under the writ in this case. There was no contention or claim on the part of the plaintiff either as to the validity of the mortgage or as to the fact that the note was then due and unpaid. He was not present when the drill was actually taken. The defendant in his answer claimed a return of the property to himself. ·

At the close of the evidence, the defendant requested the court to instruct the jury to return a verdict for the defendant, which was refused, to which ruling he excepted. The court instructed the jury, in substance, that, if there was any force or intimidation used, and the property was taken from the plaintiff against his will and without his consent, then the taking was a trespass and unlawful, and, if the jury so found, the verdict must be for the plaintiff. Exception by the defendant. We are of the opinion that both the refusal to charge and the instruction given were error.

It is the law, as claimed by the plaintiff, that neither the mortgagee in a chattel mortgage nor his agent, although an officer, can lawfully dispossess the mortgagor of the mortgaged property by force and violence, for the officer in such a case does not act as such, but simply as the agent of the mortgagee. To permit them to do so would be to trifle with that obedience to the law which is due from every person. Therefore, if the defendant assisted in taking the drill from the plaintiff's possession by force and violence, —we are not to be understood as holding that such was the fact,—

the latter could maintain an action of trespass against him. But it does not follow that the plaintiff can maintain this action to recover possession of the property. When he commenced his action, he was not entitled to such possession, for the legal title and the right to the possession of the property were in the mortgagees, for whom the defendant was holding the property when this action was commenced. The complaint is not that the property was unlawfully and forcibly taken from the plaintiff, but that the defendant unlawfully detains it from him, and that he is entitled to the possession thereof; but the evidence conclusively shows that he was not then or at the time of the trial so entitled to the possession. There is no evidence that plaintiff was damaged either by the taking or detention of the property. It is too well settled to justify the citation of authorities that in replevin the plaintiff must show an existing and immediate right to the possession of the property, to justify a verdict in his favor for the return of the property. In Deal v. Osborne, 42 Minn. 102, 43 N. W. 835, it was held that, where the plaintiff's right of possession was legally divested after suit brought and before trial, he cannot, as against the person entitled to the possession, have judgment for a return of the property or its value, although the original taking by the defendant was unlawful. Clearly, the jury should have been instructed to return a verdict for the defendant.

Order reversed, and the case remanded, with direction to the trial court to enter judgment for the defendant, as prayed in his answer.