C. LARSEN and Others v. JOHN S. NICHOLS.[1]

Oct. 17, 1895.

Nos. 9537—(53).

**Replevin—Another Action Pending.**
   One whose property has been taken on a writ of replevin against his
   agent or bailee cannot retake it by replevin from the plaintiff in the first
   action during the pendency of that action.

Appeal by plaintiffs, co-partners as Larsen, Carpenter & Co.,
from a judgment of the district court for Polk county, in favor of
defendant, entered in pursuance of the findings and order of Ives,
J. Affirmed.

   *A. A. Miller*, for appellants.
   *J. Walseth*, for respondent.

   MITCHELL, J.   The substance of the findings of the court (in
accordance with the allegations of the answer) is that there was
pending and undecided a prior action of replevin to recover posses-
sion of the same property, brought by the defendant in this ac-
tion against one Knutson, the agent of the plaintiffs, who was in
possession of the property and holding it and claiming the right to
its possession solely as such, "by virtue of the same claim and right
of ownership and possession as is claimed by the plaintiffs in this
action"; that the issue in both actions is the same, viz. whether
the plaintiff in the first action or the plaintiffs in this action are
entitled to its possession; that by virtue of the writ of replevin in
the first action the property was taken from the possession of Knut-
son.   The first action was in justice's court, and presumably the
possession of the property was delivered under the writ to the plain-
tiff in that action.

   It may be assumed (without deciding), in accordance with what
seems to be the general current of the authorities, that after prop-
erty has been delivered to the plaintiff in an action of replevin
it may be taken from him in another action of replevin by a third

[1] Reported in 64 N. W. 553.

person who is a stranger to the parties in the first suit, notwithstanding that such first suit is still pending. But nothing is better settled than that neither the defendant nor those in privity with him can maintain a cross replevin against the plaintiff in the first suit during its pendency. The reasons are obvious. Any such course would lead to confusion and multiplicity of suits, and is wholly unnecessary, as the rights of both parties can be fully determined in the first suit. It seems to us these reasons apply with full force here. The issue in both cases was identical, viz. the right of Larsen, Carpenter & Co., as mortgagees, to the possession of this property. Knutson, the defendant in the first action, claimed nothing in his own right. He claimed the possession merely as agent or bailee of Larsen, Carpenter & Co., and that claim had to be maintained, if at all, by establishing the right of his principals.

The plaintiffs rely on the familiar rule that, to constitute a good plea of a former action pending, there must be an identity of parties in both actions. But the rule against cross replevins does not rest entirely upon the same grounds as those which obtain in the ordinary case of the pendency of two suits for the same cause of action. The fact that a party is enabled to bring replevin against an agent instead of the principal, because the agent happens to have the actual possession of the property, ought not to be allowed to take the case out of the rule against allowing cross replevins. To do so would be a mere evasion of the rule. The fact that the parties in the two suits are nominally different—the agent being a party to the one and his principals party to the other—is not important, as both claim under the same right. Fisher v. Busch, 64 Mich. 180, 31 N. W. 39; Beers v. Wuerpul, 24 Ark. 272. See, also, Portland Bank v. Stubbs, 6 Mass. 422. We have not overlooked White v. Dolliver, 113 Mass. 400, contra. The confusion and injustice that would result from allowing this action to proceed, pending the other, can be illustrated by these very cases. In the first action (Nichols v. Knutson, ante, p. 237, 64 N. W. 391) we have just directed judgment to be entered in favor of Knutson for the return of the property. If the present (the second) action was maintainable, then, on precisely the same grounds, plaintiffs would be entitled to a similar judgment against Nichols. In other words, there would be two judgments for the property against Nichols,

both in favor of, in effect, the same party, and based on the same right. Under our statute there is no doubt of the right of Larsen, Carpenter & Co. to intervene in the suit against their agent or bailee, Knutson. There is no hardship in holding that, if they elected not to do so, they should have waited until the determination of that action before commencing suit.

The judgment in this case should have been one of dismissal, and not on the merits. In view of the findings of fact and conclusions of law, it is not entirely clear which this is. But plaintiffs do not make the point or ask for any modification. The judgment is therefore affirmed, but with leave to the plaintiffs, if so advised, to move the court below to modify its conclusions of law and judgment. So ordered.