NICOLA D'ADDARIO *v.* LINN B. ABBOTT.

MALTBIE, C. J., AVERY, BROWN, JENNINGS and ELLS, Js.

Argued November 4—decided December 17, 1941.

*David R. Lessler,* for the appellant (plaintiff).

*John S. Barton,* for the appellee (defendant).

ELLS, J. The trial court's finding, with such corrections as we have made in behalf of the plaintiff, is as follows: The plaintiff is a contractor whose business requires the constant use of automotive equipment, and having experienced upon occasions a complete stoppage of work because of the attachment of all his property by his creditors, bona fide or otherwise, he caused one truck and one passenger car to be purchased and registered by his wife, in order that he

might have something to work with in the event of further activity on the part of his creditors. She signed the contracts for the purchase of the vehicles and registered them with the motor vehicle department as owner, and they were assessed in her name on the tax records. The plaintiff paid for them, and for the registration, taxes, repairs, maintenance and insurance. He used them in his business, and kept them in his garage when they were not in use. His wife at no time operated them. He retained in his own name other equipment of substantial value, and certain real estate, so that he could secure credit and have property available for attachment by his creditors. His intention and purpose were to claim that the two vehicles were the property of his wife, if they were attached as his property. The plaintiff's wife had guaranteed a mortgage note prior to these happenings. In that transaction credit was not extended to her nor was her signature upon the guaranty accepted in reliance upon her ownership of any property. Some time after the two vehicles in question had been purchased and registered in her name she was sued upon her guaranty and the two automobiles attached as her property. Her husband thereupon instituted the present action of replevin, and took the vehicles out of the possession of the deputy sheriff, the defendant, and into his own possession. The court concluded that the plaintiff's wife was the owner of the vehicles and that by virtue of the attachment the defendant acquired a special property in them entitling him to their return by the plaintiff, and rendered judgment accordingly, and the plaintiff appealed.

Section 5952 of the General Statutes requires that a party to a replevin action claiming a special property in the goods shall plead the facts upon which that

special property depends. This provision does not alter the rule that where a plaintiff in replevin alleges that he has the general property and right of immediate possession and this is denied he cannot prevail unless he proves this to be so. We recently stated the applicable law in *M. Itzkowitz & Sons, Inc.* v. *Santorelli,* 128 Conn. 195, 198, 21 Atl. (2d) 376. The remedy is purely statutory. The plaintiff must prevail by the strength of his title rather than by the weakness of the defendant's. He must show an immediate right to possession of the property at the time of bringing the action.

The conclusion of the trial court that at the time of the attachment the plaintiff's wife was owner of the vehicles must stand in so far as regards the legal title to them. They were, therefore, subject to attachment as her property unless the plaintiff could prove an equitable title growing out of the fact that he was the real owner. *Gray* v. *Graham,* 87 Conn. 601, 605, 89 Atl. 262. He could not prevail merely by proving that the vehicles were actually in his peaceful possession but he would have to establish the fact that, by reason of his equitable title to them, he had as against the defendant a "right to the immediate possession thereof." General Statutes, §§ 5944, 5956. In determining whether he had established that right, a consideration of the circumstances under which the legal title was vested in his wife was necessary.

A creditor who attaches property cannot ordinarily hold it against one having the equitable title unless he has given credit in reliance upon the apparent title. *Mowry* v. *Hawkins,* 57 Conn. 453, 18 Atl. 784; *Waterman* v. *Buckingham,* 79 Conn. 286, 64 Atl. 212; *Gray* v. *Graham,* 87 Conn. 601, 89 Atl. 262; *Basak* v. *Damutz,* 105 Conn. 378, 135 Atl. 453. In none of these cases, however, had the owner of the property been

guilty of wrongdoing in placing the title in the name of another. In *Gest* v. *Gest,* 117 Conn. 289, 167 Atl. 909, the reasons for conduct in placing property in the name of another closely resemble those given by this plaintiff. It was held (p. 300) that the issue of fraud in the transaction should have been submitted to the jury; that the purpose and intent of the transfer might well be decisive. The basis of the decision was inequitable conduct in trying to put the property beyond the reach of creditors. There is no conflict between the rule of the cases cited and the *Gest* case. There is no good reason why equity should lend the grantor aid in the present case any more than it would in the *Gest* case, even though there the contest was directly between grantee and grantor. The plaintiff's claim to a superior right to the possession of the vehicles grows out of his own prior fraud, and a court of equity will deny him relief. *Gest* v. *Gest,* supra, 296.

One further claim of the plaintiff requires brief consideration. He contends that at all times he kept sufficient property in his own name and in his visible possession subject to attachment by creditors to satisfy any of their claims, and that a conclusion of fraudulent intent is therefore not sustainable. No such finding of facts was made by the trial court. The fact that he retained some other property in his own name is not enough. "It is the policy of our law 'that all the property of a debtor not exempt by law from execution, should be subject to the demands of his creditors; and that every facility, consistent with the reasonable immunities of debtors, should be afforded to subject such property to legal process.' *Gager* v. *Watson,* 11 Conn. 168, 171." *Sutherland* v. *Brown,* 85 Conn. 67, 73, 81 Atl. 1033. The plaintiff relies on *Katz* v. *Richman,* 114 Conn. 165, 170, 158 Atl. 219,

where we said, quoting from *State* v. *Martin*, 77 Conn. 142, 144, 58 Atl. 745: "A voluntary conveyance made in good faith, by a grantor not indebted, or if so, by one who retains sufficient property to pay his debts, is valid as against creditors." Two of these factors are missing in the present case. There is no finding that he retained enough property to pay his debts. The conveyances were not made in good faith. The plaintiff testified that he made them to prevent attachment by creditors. Such an attempt is against public policy and the law will not assist a plaintiff who is obliged to rely on any such claim to recover property. See *M. Itzkowitz & Sons, Inc.* v. *Santorelli*, supra.

There is no error.

In this opinion the other judges concurred.