RHODE ISLAND HOSPITAL NATIONAL BANK OF PROVIDENCE
v. ARVID LARSON

SUPERIOR COURT      NEW HAVEN COUNTY      FILE No. 73333

Memorandum filed July 24, 1950.

*Anthony I. Wells,* of New Haven, for the Plaintiff.

*T. Holmes Bracken,* of New Haven, for the Defendant.

ALCORN, J. The plaintiff is the assignee of all rights under a conditional sales contract by the terms of which Windham Motor Sales, Inc., sold an automobile to one Jacques. The defendant is a deputy sheriff who attached the automobile as property of Jacques in two actions brought against him. Jacques having defaulted in his third payment under the contract, the plaintiff has brought this action of replevin to recover the automobile.

The parties are at issue as to whether, under General Statutes § 6692, the conditional sales contract is sufficiently definite as to the terms of payment, and as to whether the contract was properly acknowledged. It is conceded that the transaction meets all other requirements of the statute.

Section 6692, so far as applicable here, provides, "Except as otherwise provided in this chapter, all contracts for the sale of personal property, conditioned that the title thereto shall remain in the vendor after delivery, shall be in writing, describing the property and all such conditions of such sale, and shall be acknowledged before some competent authority. . . ." "All conditional sales of personal property not made in conformity with the provisions of section 6692 . . . shall be held to be absolute sales except as between the vendor and vendee and their personal representatives. . . ." § 6694.

The contract called for a total price, including finance charges, of $4120.16 on which $1282 was paid in cash and trade-in allowance on delivery of the car. The contract then provided that the deferred balance of $2838.16 should be paid "in 24 equal monthly installments of One Hundred eighteen dollars & 26 cts. ($118.26) each and a final installment of —— ($——), the first installment to be paid on July 29th, 1949 and the remaining installments to be paid on or before the —— day of each and every month thereafter until this contract is paid in full."

The conditions of the sale which the statute requires the contract to contain "would include the provisions for payment at a certain date, failure to make which would end the estate of the vendee." *Standard Acceptance Corporation* v. *Connor,* 127 Conn. 199, 202. This requirement has been held not to be met by a contract which specifies a given number of monthly payments but does not indicate when they are to begin or end, or whether they are necessarily successive. *C. I. T. Corporation* v. *Meyers,* 129 Conn. 514, 517.

A person reading the contract in the present case, however, is at once informed that the balance to be paid on the date of the contract, which was June 29, 1949, was $2838.16; that it was to be paid in twenty-four equal monthly instalments; that each monthly instalment amounted to $118.26; that the first such instalment was payable on July 29, 1949; and that the remaining instalments were payable "each and every month thereafter until this contract is paid in full." A simple mathematical computation discloses that the twenty-four indicated payments would liquid-

ate the entire balance and the context clearly indicates the 29th of each successive month as the due date for payments. The parties recognize this latter in their stipulation that "On September 29, 1949" the purchaser "did not pay the installment due on said date." The contract complies with the statute in setting forth the conditions of the sale.

The contract was signed for the seller "Windham Motor Sales, Inc. B. Hochberg Pres." The notary's acknowledgment recites "Personally appeared Windham Motor Sales, Inc. (Seller) and Emile W. Jacques (Purchaser) signers and sealers of the foregoing instrument and acknowledge the same (this and reverse side of paper acknowledged as entire instrument) to be their free act and deed (and the free act and deed of corporation when either party is corporation), before me."

The statute requires a proper acknowledgment by the parties, and "there must also be a correct certificate of that acknowledgment attached to the contract when filed for record, otherwise [a] creditor or purchaser, upon finding an improper acknowledgment of record, would be justified in dealing with the article as the property of the vendee." *C. I. T. Corporation* v. *Hungerford*, 123 Conn. 438, 445. "An acknowledgment is the formal declaration, before an authorized official, by the person who executed an instrument, that it is his free act and deed. It serves to authenticate the instrument by furnishing formal proof, through the action of the public official taking the acknowledgment, that the instrument was actually executed by the person whose signature appears on it." *Commercial Credit Corporation* v. *Carlson*, 114 Conn. 514, 517. In this state where no special form is prescribed by statute, "a certificate is sufficient which identifies the subscriber, specifies the writing subscribed, states the capacity in which he executed it and certifies his acknowledgment thereof." *Commercial Credit Corporation* v. *Carlson*, supra, 518.

The decisions in this and other jurisdictions where no particular form of certificate is required by statute, indicate that the crucial elements which must appear are the identity of the party who executed the instrument and that he did in fact acknowledge it. The court cannot supply words or facts, but can only decide as to the meaning and import of the words used. *Hayden* v. *Westcott*, 11 Conn. 129; *Stanton* v. *Button*, 2 Conn. 527.

The usual and preferred form of corporate acknowledgment should indicate that the execution of the instrument is the free act and deed of the individual who executed it for the corpora-

tion and the free act and deed of the corporation. *Commercial Credit Corporation* v. *Carlson*, supra, 518. It should, at least when read in connection with the instrument acknowledged, disclose the identity of the person making it as an authorized officer or representative of the corporation. Note 29 A. L. R. 919, 989.

It is not essential that the name of the person making the acknowledgment should appear, provided the certificate, taken in connection with the instrument acknowledged, sufficiently identifies him in conjunction with the presumption that the magistrate acted rightly. *Sanford* v. *Bulkley*, 30 Conn. 344, 348. In *Sanford* v. *Bulkley* a grantor was held to be sufficiently identified by a certification merely that the "signer and sealer" personally appeared and acknowledged a deed.

The defendant argues that, while such identification is permissible in the case of an individual, it must fail in this case of a corporation because the latter as an artificial being can only act through animate persons and the particular individual's identity is not established by the phrase "signer and sealer."

Reading the acknowledgment and the contract together, however, it appears that both were executed on the same date. The contract states, "Seller Signs Windham Motor Sales, Inc. B. Hochberg Pres." The acknowledgment states, "Personally appeared Windham Motor Sales, Inc. (Seller) and Emile W. Jacques (Purchaser) signers and sealers of the foregoing instrument . . ." A corporation, as such, obviously cannot personally appear. It must act through a human agent or representative. If it acted as seller in signing this contract through "B. Hochberg Pres." it seems only common sense that, giving due consideration to the presumption as to the notary's action, it acted as seller through the same agency in making the acknowledgment since the notary described the seller who personally appeared as the "signer and sealer" of the contract. Such an interpretation is in line with the policy "to uphold certificates when substance is found, and not to suffer conveyances, or the proof of them, to be defeated by technical or unsubstantial objections." *Carpenter* v. *Dexter*, 8 Wall. (75 U. S.) 513, 526; *Seaboard Commercial Corporation* v. *Leventhal*, 120 Conn. 52, 54. The acknowledgment, though inartistic, is sufficient under the statute.

Since the conditional sales contract complied with the statute in both of the particulars in dispute, the plaintiff is entitled, in accordance with the stipulation of the parties, to possession of the automobile.

Under this view of the disputed issues it is unnecessary; to consider the question, which might have had significance under a contrary view, arising from the stipulation of the parties that the plaintiff "is the title owner of said automobile." *Robinson v. Atterbury,* 135 Conn. 517, 519; *M. Itzkowitz & Sons, Inc.* v. *Santorelli,* 128 Conn. 195, 198; *D'Addario* v. *Abbott,* 128 Conn. 506, 508. It might be a necessary conclusion that even though the contract did not meet statutory requirements, the defendant would have precluded himself from relief by his stipulation that the plaintiff owns the legal title.

Enter judgment for the plaintiff upon the complaint and counterclaim, that the plaintiff recover possession of the automobile described in the complaint.